[Civ. No. 7260. First Appellate District, Division Two.—May 9, 1930.]

I. S. McATEE, Respondent, v. GEORGE W. McATEE, Appellant.

D. Joseph Coyne for Appellant.

Hiram E. Casey for Respondent.

BURROUGHS, J., *pro tem.*—Plaintiff prosecutes this action for an accounting of partnership assets and for a decree that the partnership out of which the accounting arose was dissolved on or about March 22, 1922. The plaintiff was awarded a judgment and the defendant appeals.

The first point advanced for a reversal of the judgment is the insufficiency of the evidence to support the findings. The court found that on July 7, 1919, the defendant was the owner in fee simple of one acre of land in the city of San Gabriel, California, together with the improvements thereon, consisting of a dwelling-house, a wooden frame chicken-house, two small paper chicken-houses and other minor improvements; that at said time and located on said property defendant owned and was raising approximately 400 chickens; that there were also a number of household furnishings and fixtures in the dwelling-house on said property; that on said date defendant was financially involved and in need of money to maintain himself and said property; that on said date defendant made a proposition to the plaintiff that, if plaintiff would go into partnership with him, give him some money in cash, secure employment and turn his wages over to the defendant, work on said premises after the regular hours of plaintiff's employment elsewhere by assisting defendant in and about the premises, in particular, feeding the chickens, washing and cleaning eggs, cleaning hen-houses and doing other incidental duties and chores about said place, attend to these matters on Sundays and holidays, and assist defendant in paying for groceries and household

commodities, defendant would transfer to the said partnership or hold for the benefit of said partnership the said acre of ground and its appurtenances and would divide the profits and losses of the entire partnership adventure; that the plaintiff accepted said offer, but that said offer was not in writing; that pursuant to the said agreement, and on the same day, plaintiff paid defendant $80 in cash and plaintiff immediately secured a job as a day laborer for a lumber company and commenced work on July 10, 1919, and, with the exception of four months in 1920, he worked continuously for said lumber company until on or about March 22, 1922, the date said partnership was dissolved; that he received a salary of $30 per week; that during said period of time he paid to the defendant from his salary the sum of $20 per week and retained therefrom the sum of $10 per week, out of which plaintiff paid for approximately ninety per cent of the groceries and foodstuffs used by the plaintiff and defendant; that during the existence of said partnership there had been accumulated as partnership property an additional one-half acre of ground, one water pipe-line, a fence around the said one-half acre of ground, and approximately 800 chickens in addition to those owned by the defendant at the time of the formation of the partnership; that the value of the said one-half acre at the time of the termination of the partnership was $1,000; that the total value of the other additional property aggregated $2,335. The court further found that on the twenty-second day of March, 1922, the defendant, without advising with the plaintiff in any manner whatsoever, sold and disposed of the entire assets of said partnership for the sum of $10,000, all of which sum has been paid to the defendant; that after paying the debts of said partnership there remained in the hands of the defendant the sum of $8,500 partnership property. It is further found that the defendant failed, refused and neglected to account to the above-named plaintiff for the proceeds of said sale except to the extent of $475 in cash and certain articles of furniture of the reasonable value of $200. The court further found that said plaintiff was entitled to receive one-half of the proceeds of the said sale less the sum of $675, paid him by the defendant as aforesaid, and that there is now due to said plaintiff from the defendant the sum of $3,575, together with interest.

■ The appellant contends that the evidence concerning the one acre of land owned by him before the formation of the partnership is so conflicting that the court erred in including it in the partnership affairs. He claims that the only evidence upon this subject is the oral testimony of the plaintiff and the defendant; that said testimony cannot be reconciled and as the burden of proof is on the plaintiff and there is none except his own self-serving testimony to sustain the court's finding that it was in fact partnership property, such finding is, therefore, unsupported by the evidence.

A careful reading of the entire testimony in the case does no more than disclose a sharp conflict in the evidence. It was the province of the court to make a finding thereon, and having accepted the testimony of the plaintiff as the correct version of the transaction, and having found that the acre of land was a part of the partnership property, upon well-settled principles of law, this court may not disturb such finding.

■ It is further claimed that, to be valid, an agreement affecting an interest in real estate must be in writing (Civ. Code, sec. 1624). There are two answers to this claim. The agreement sued upon is one of partnership. The one acre of land was sold by the appellant and the complaint herein seeks an accounting of the partnership funds, which includes the money received from the sale of the land, and does not seek the enforcement of any contract affecting real property. ■ Furthermore, the evidence discloses that from the beginning of the partnership, and for nearly four years thereafter, the partnership was in full operation. This is a sufficient performance to take the contract out of the statute of frauds, even if it were a contract affecting real property (*Pearsall* v. *Henry,* 153 Cal. 318 [95 Pac. 154, 159]; *Colon* v. *Tosetti,* 14 Cal. App. 693 [113 Pac. 365, 366]; *Standing* v. *Morosco,* 43 Cal. App. 244 [184 Pac. 954]).

■ Another reason advanced for a reversal of the judgment is that the court did not enter a decree dissolving the partnership. The plaintiff prayed for a decree that the partnership was dissolved on or about March 22, 1922. In his answer the defendant alleges that the partnership was dissolved during the month of April, 1922. The evidence is uncontradicted that on March 22, 1922, defendant

sold, without the consent of the plaintiff, all of the assets of the partnership, and told plaintiff to seek living quarters elsewhere. That since said date there have been no partnership dealings.

Section 2425 of the Civil Code provides that a dissolution of a partnership may be had "By decree of court under section 2426," and the latter section provides that "On application by or for a partnership the court shall decree a dissolution whenever . . . (c) A partner has been guilty of such conduct as tends to affect prejudicially the carrying on of the business." We think it is clear that the appellant's conduct justified a decree of dissolution and it should have been made.

■ One other claim deserves attention. It is that the court did not make a finding of what constituted partnership assets. An examination of the court's findings numbered 1, 5 and 6 set forth such assets and are sufficiently definite for that purpose.

In accordance with sections 956a and 957 of the Code of Civil Procedure, the judgment is modified by adding thereto before the words "Done in Open Court this 7th day of June, 1927," the following paragraph: "That said partnership was dissolved on or about the 22d day of March, 1922."

As so modified the judgment is affirmed, with costs to respondent.

Sturtevant, J., and Nourse, P. J., concurred.