[Civ. No. 10791.   Second Appellate District, Division Two.—April 10, 1936.]

G. E. HARRIS, Appellant, v. EDWARD HIRSCHFELD et al., Defendants; B. W. DOWNS et al., Respondents.

James E. Neville for Appellant.

Bicksler, Parke & Catlin and Walter G. Danielson for Respondents.

McCOMB, J., *pro tem.*—Plaintiff appeals from a judgment in favor of defendant B. W. Downs after the trial court sustained a demurrer to plaintiff's complaint without leave to amend.

The complaint alleged that:

## A.

Subsequent to June 20, 1934, plaintiff and defendant Hirschfeld conducted a business and manufactured cosmetics and other toilet articles pursuant to an agreement, which after providing for the advancement and repayment of a sum of money to plaintiff, read in part as follows:

"Both parties hereto agree to use and devote their best efforts and endeavors towards making a success of the business of manufacturing the products made by chemical process. It is understood that the *parties hereto shall share equally in all profits and losses of said business* and/or the manufacture of said products, *it being the intention of the parties hereto to engage in business as co-partners* under the name and style of "H and H" Chemical Company. *Such partnership shall continue in full force and effect until dissolved* by operation of law or *mutual consent of the parties hereto."* (Italics ours.)

## B.

Defendants "entered into a conspiracy for the purpose of forcing the plaintiff to shut down and prevent the plaintiff from operating" the business which plaintiff and defendant Hirschfeld had theretofore conducted by causing defendant Hirschfeld to sever his association with plaintiff and to enter into business with defendant Downs. It is further alleged that "said acts were done by said defendants willfully, maliciously and fraudulently and with intent to damage the plaintiff" and that he was damaged thereby.

The questions necessary for us to determine are these:

*First: Was a partnership created by the plaintiff and defendant Hirschfeld through their agreement?*

*Second: If a partnership existed between plaintiff and defendant Hirschfeld, was it a partnership at will?*

*Third: Does an action lie against a third party who induces a partner to terminate a partnership at will?*

*Fourth: Does the complaint state a cause of action predicated upon the theory of a conspiracy between defendants to injure plaintiff?*

The first question is answered in the affirmative by the allegation of the complaint that the *"parties conducted a business"* and by the wording of their agreement which expressly designated it as a partnership and provided for an equal division of the profits and losses. (Sec. 2400, Civ.

Code.) The partners were not employees of the partnership. Services which they agreed to perform were merely a part of their contribution to the partnership.

■ As to the second question, if no time is fixed for the duration of a partnership, it is a partnership at will. (*McCauley* v. *Eyraud*, 87 Cal. App. 121, 123 [261 Pac. 760].) Therefore, since the partnership agreement in the instant case failed to fix a definite term for its duration, it was a partnership at will.

The third query must be answered in the negative, as no action will lie against a third person for *inducing* another to terminate a partnership at will. (*McGuire* v. *Gerstley*, 204 U. S. 489, 503 [27 Sup. Ct. 332, 51 L. Ed. 581].)

■ Turning to the final query, a conspiracy is not actionable unless the combination results in the perpetration of (1) an unlawful act or (2) some injurious act by unlawful means. (*Moropoulos* v. *C. H. & O. B. Fuller Co.*, 186 Cal. 679, 683 [200 Pac. 601].)

In the complaint before us there is a total absence of any allegation of either an unlawful act or injurious act by unlawful means; hence the complaint failed to state a cause of action predicated upon the theory of a conspiracy between defendants to injure plaintiff.

From the foregoing it is clear the trial court's ruling in sustaining the general demurrer to plaintiff's complaint without leave to amend was correct.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.