[Civ. No. 15391. Second Dist., Div. One. Feb. 14, 1947.]

H. L. LYNCH, Individually and as Trustee, Appellant, v. CLAUDE A. WATSON, as Administrator, etc., et al., Respondents.

H. L. Lynch, in pro. per., for Appellant.

Walter G. Danielson for Respondents.

YORK, P. J.—Defendants interposed general and special demurrers to the original complaint herein and plaintiffs were given ten days in which to amend. This is an appeal from a judgment of dismissal which was entered after general and special demurrers to plaintiffs' first amended complaint were sustained without leave to amend.

Said first amended complaint is for "breach of contract, trespass de bonis asportatis, conspiracy to defraud, damages," and is directed against Claude A. Watson, as administrator of the Estate of John S. Holmstrand, deceased, and Walter G. Danielson, as alleged agent for said administrator. Said amended complaint alleges in Paragraph II of the first cause of action that said decedent in his lifetime "did great wrongs unto the plaintiffs" and that the latter are bringing the instant action against the representative of decedent "because the said wrongs have been continuing wrongs and a continuing trespass, and the plaintiffs herein have suffered, and are still suffering great injury by and through said wrongs and said trespass by and through the administration of said estate by the said Claude A. Watson, the said plaintiffs being damnified by his acts therein."

In appellants' opening brief it is explained that the foregoing paragraph "is introductory to the remainder of the first count." At any rate, the remaining paragraphs of the first cause of action, to wit: III, IV, V, VI, VII, VIII and IX, allege the making of two written agreements by Holmstrand and Lynch to lease for oil drilling seven Holmstrand lots in Block H of the Townsite of Howard, as well as other property in the same tract owned by various other parties; that a lease or leases were to be made to include the described lots and that said Lynch had the right to include the lots in one or more leases in groups or combinations as he saw fit, it being the intention of the parties that the said leases should be "open leases, made in counterpart, and executed at different times as the lots were secured and cleared"; that the contracts were continuing contracts and some of them had been executed and "are in force at this time" and other counterparts were to be executed later. That on August 10, 1939, decedent signed an option giving plaintiff H. L. Lynch "the right to buy of him a certain note in the principal sum of $200.00." In consideration of the making of said option, Lynch agreed that "when I have received said Deed of Trust and note and have cleared said property, I will secure an Agreement to Lease from the owner thereof, and will deposit same with a Title Company together with other agreements to lease the lots which, with the above described property, are to constitute the lease provided for in that certain agreement to lease made between the said John S. Holmstrand and H. L. Lynch prior to January 1, 1938, and the later agreement to lease, or

supplementary agreement, made with me by the said John S. Holmstrand, dated May 25, 1938. . . . The agreement to lease which I am to secure to be on the same terms, as near as may be, as the said agreements to lease dated May 25, 1938, and prior thereto.'' It is then alleged (Par. V) that on or about August 24, 1939, said Holmstrand breached his contract of August 10, 1939, by assigning the note and trust deed to a third party, and thus deprived appellant Lynch of the opportunity to clear the title to the property covered thereby and to include the same in an oil lease and also prevented him from carrying out his obligation to others who had signed his oil lease; that the property covered by the trust deed was thereafter sold by the trustee at a trustee's sale; that said property ''had a peculiar value to the plaintiffs herein, far exceeding its ordinary real-estate value; . . . that owing to said property being oil land, it is impossible to accurately estimate the full extent of the damage incurred by plaintiffs herein on account of said breach of contract, because the future damage in this case cannot be accurately determined.'' It is then alleged that on August 9, 1940, said Lynch sued Holmstrand in the Superior Court of Los Angeles County, Docket No. 454935 ''for breach of contract, trespass and damages'' because of the breach of said contract by Holmstrand; that on July 7, 1942, said Holmstrand died; that on October 5, 1943, respondent Claude A. Watson, as administrator of the estate of Holmstrand, was substituted as defendant in said action, and on October 16, 1943, he moved by his attorney, respondent Walter G. Danielson, for a dismissal of said action on three grounds: 1. That plaintiff had not prosecuted the cause with reasonable diligence; 2. That plaintiff had not filed a claim with the administrator of said estate as provided by the Probate Code; and 3. That plaintiff had not filed a nonresident cost bond. The motion was granted and the action dismissed; that said dismissal was affirmed on appeal; that a petition for an appeal to the Supreme Court of the United States was presented to a justice of said court and said ''petition is now before said Court.'' It is then alleged that because of the breach of contract by Holmstrand, said ''plaintiffs H. L. Lynch and H. L. Lynch, Trustee, have suffered damage directly in the sum of $850.00''; and that because they were deprived of the opportunity to clear the property covered by the trust deed and of fulfilling their contracts concerning oil leasing, plaintiffs suffered special damages of $8,000.

As a second cause of action of the amended complaint, it is alleged that "John S. Holmstrand, in his lifetime, made trespassing statements to various persons regarding the plaintiffs herein and performed certain acts breaching his agreements to lease made with plaintiff H. L. Lynch . . . which statements and acts, so made and performed by him, constituted the offense of trespass de bonis asportatis; that in performing said acts he injured and destroyed contract rights of the plaintiffs herein and in making said statements he interfered with and injured their business reputation and held them up to public contempt and scorn; . . . that a general and fraudulent scheme then existed and still exists amounting to a conspiracy, to so trespass upon, interfere with, and destroy rights, injure property, and blacken the business name of said plaintiffs; that the said John S. Holmstrand joined in said general and fraudulent scheme; that, in its operations, said general and fraudulent scheme became a whispering campaign directed against the said plaintiffs; . . ." It is then alleged that "Walter G. Danielson, as agent for said Claude A. Watson, joined in said general and fraudulent scheme to so trespass upon, interfere with, injure and destroy the business name, reputation and property of said plaintiffs"; by unlawfully, untruthfully and wickedly making the statement "both in a judicial proceeding and outside of a judicial proceeding, that H. L. Lynch . . . had brought groundless actions affecting and clouding the title to real-property, and by then referring to actions in which the said H. L. Lynch is trustee, designating them by Court number and title . . . that by his actions in connection with the estate of John S. Holmstrand, deceased, the said Walter G. Danielson, by assisting in obtaining the judgment of dismissal of said action number 454935 on erroneous and fictitious grounds, has injured and destroyed leasing agreements and other contractual rights of plaintiffs herein . . . said acts and statements performed and made by said Walter G. Danielson, constitute the offense of trespass de bonis asportatis," to the injury of plaintiffs; that defendant Claude A. Watson, acting as administrator of the Estate of Holmstrand petitioned the court and was substituted in action No. 454935 in the place and stead of the decedent Holmstrand; "that he had knowledge of the trespassing acts of defendants Holmstrand and Danielson and of the methods being used to injure and destroy the contractual rights and property of plaintiffs herein" and with such knowledge he continued to

act as administrator and continued to passively allow his agent Danielson to continue the trespassing acts commenced by the said John S. Holmstrand, and deliberately entered into this general fraudulent scheme, constituting trespass *de bonis asportatis,* in order to secure the dismissal of said action 454935. Similar acts are alleged against one F. Allen and one D. Brown, who are not parties to this appeal. Then follows an allegation of injury in the sum of $10,000 which is asked as punitive damages.

The third cause of action is for conspiracy to defraud and damages, it being alleged therein that John S. Holmstrand entered into a conspiracy to defraud the plaintiffs, his acts in that regard consisting of wicked and malicious statements made to others; that defendant Walter G. Danielson joined in such conspiracy and that his acts, as previously set out in said amended complaint, were done in furtherance of said conspiracy, wickedly and maliciously with intent and design to injure plaintiffs; that defendant Watson joined ''said continuing conspiracy to defraud said plaintiffs'' by his approval of the means used to obtain the dismissal of action No. 454935, hereinbefore referred to; that F. Allen and D. Brown were also parties to the continuing conspiracy to defraud plaintiffs, said complaint alleging punitive damages in the sum of $25,000.

On an appeal from a judgment dismissing an amended complaint after demurrer thereto has been sustained without leave to amend, the inquiry of an appellate tribunal is ''confined to a consideration of whether the amended complaint stated sufficient facts with sufficient certainty to entitle plaintiff to have the demurrer overruled and to have the cause proceed to trial.'' *(Genuser* v. *Ocean Acc. etc. Corp.,* 42 Cal.App. 2d 673, 675 [109 P.2d 753].)

The instant action was filed on July 11, 1945, and an examination of the first amended complaint discloses that the agreement, which it is alleged was breached by decedent, forms the basis of the three causes of action attempted to be alleged.

The first cause of action alleges the breach of the contract of August 10, 1939, by John S. Holmstrand, with resulting damages to appellants by reason of the fact that they were prevented by such breach from carrying out their obligations to other persons, who were parties to appellants' oil leases. Said cause of action further alleges that on August 9, 1940, appel-

lants sued said Holmstrand for breach of the contract of August 10, 1939; that during the pendency of that action defendant Holmstrand died; that Claude A. Watson was substituted therein as defendant, and on October 16, 1943, said Watson by his attorney Danielson moved for a dismissal of that action because of appellants' failure to prosecute the same with reasonable diligence; that said motion was granted; the suit dismissed, and such dismissal was affirmed upon appeal. (*Lynch* v. *Watson,* 69 Cal.App.2d 51 [158 P.2d 250].) Therefore, it appears upon the face of the amended complaint as to the first cause of action that appellants have had their day in court and that the contract upon which it is based is barred by the provisions of subdivision 1, section 337, Code of Civil Procedure, since the instant action was commenced almost six years after the execution and breach of said contract.

The essence of the second cause of action which is denominated "trespass de bonis asportatis" is that John S. Holmstrand in his lifetime made trespassing statements to various persons concerning appellants, and performed certain acts breaching his agreements to lease made with appellant H. L. Lynch. It is then alleged that defendant Danielson, as agent for Claude A. Watson, the administrator of the estate of Holmstrand, joined in a scheme "to trespass upon, interfere with, injure and destroy the business, name, reputation and property" of appellants, and that the overt act of Danielson consisted of certain statements made by him in an affidavit used in support of the motion to dismiss the action brought against John S. Holmstrand; and that said Watson, as administrator of the estate of Holmstrand, with knowledge of the "trespassing acts of defendants Holmstrand and Danielson . . . and of the said trespassing statements made against plaintiff H. L. Lynch . . . continued to act as administrator of said estate . . . and did not make known to plaintiffs herein . . . any disapproval of said trespass."

The offense of trespass *de bonis asportatis* is defined in Black's Law Dictionary at page 1171 as "(Trespass for goods carried away.) In practice: The technical name of that species of action of trespass for injuries to personal property which lies where the injury consists in *carrying away* the goods or property." (Emphasis included.)

3 Bouvier's Law Dictionary at page 3318, defines the term as follows: "A form of action brought by the owner of goods

to recover damages for unlawfully taking and carrying them away.''

In 52 American Jurisprudence at page 836, section 2, the following is stated: ''At common law, trespass designated a form of action which lay for the recovery of damages inflicted by the direct application of force, the remedy often being called 'trespass vi et armis.' Where the injury consisted of taking chattel property from the plaintiff's possession, the action was known as 'trespass de bonis asportatis,' or 'trespass de bonis.' ''

It is stated in 24 California Jurisprudence at page 664, section 8: ''Any unlawful interference with the personal property of another or exercise of dominion over it by which the owner is damnified gives rise to an action in the nature of trespass de bonis asportatis. Thus the securing of goods through fraud, wrongfully removing furniture from another's premises, even by the wife of such other person, or the wrongful seizure of goods by an officer, are trespasses.'' (See, also, *Rider* v. *Edgar*, 54 Cal. 127, 131.)

It is obvious that the language employed in the second cause of action fails to allege the offense of trespass *de bonis asportatis,* even though appellants in their closing brief strenuously contend that the wrongs complained of constituted such offense. Moreover, it is not clear what, if any, other cause of action might have been read into the language so employed.

The allegations of the third cause of action charging a ''conspiracy to defraud'' on the part of the administrator of an estate and his attorney, because said attorney made an affidavit in support of a motion to dismiss an action and recited therein matters appearing in a public record, and that the administrator did not protest the filing of said affidavit nor the making of the motion, are clearly insufficient to charge conspiracy to defraud.

Because it appears on the face of the first amended complaint that the allegations thereof are insufficient to state a cause of action on any of the various charges made, and also that said amended complaint is incapable of further amendment to state a cause of action, the judgment of the trial court must be sustained.

Appellants have made an application to produce certain evidence in this Court, to wit: (1) A certified copy of the Registrar's Certificate of Title covering lots 1, 2, 3, 4, 24, 25,

and 26 in Block H of the townsite of Howard; (2) copy of petition for appeal to the Supreme Court of the United States from the judgment in action No. 454935, Superior Court of Los Angeles County. Appellant, H. L. Lynch, in his affidavit supporting said application states that the ''object of this evidence is to prove that said action affected the property of said estate; that it was not cleared of this notice by the sale of the property, and that a petition for an appeal to the Supreme Court of the United States is pending in that action.

''As there was only a trial of defendants' demurrers in the action at bar, there was no opportunity to introduce the evidence in the Superior Court.''

In view of the decision reached by this court on the appeal from the judgment herein, the application to produce evidence is denied.

The judgment is affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied March 6, 1947, and appellant's petition for a hearing by the Supreme Court was denied April 15, 1947.