[Civ. No. 16402. Second Dist., Div. Two. July 9, 1948.]

H. L. LYNCH, Individually and as Trustee, etc., et al., Appellants, v. PHILIP A. RHEINSCHILD, Individually and as Administrator, etc., et al., Respondents.

H. L. Lynch, in pro. per., for Appellants.

William G. Condron for Respondents.

McCOMB, J.—These appeals are from an order granting defendants' motion to dismiss an action, for alleged conspiracy to defraud, after plaintiffs failed to amend their complaint within 10 days as allowed by the trial court upon sustaining defendants' demurrer to the complaint.

*Facts*

(1) September 14, 1946, H. L. Lynch, individually, and as trustee of the Motor Fuel Association of Arizona, filed a complaint against defendants which purported to allege a cause of action for conspiracy to defraud, interference, and damages.

(2) June 9, 1947, defendants filed a general demurrer to the complaint which on June 25, 1947, was sustained, and plaintiffs were allowed 10 days within which to amend.

(3) August 1, 1947, plaintiffs having failed to amend their complaint, on defendants' motion a judgment of dismissal was entered pursuant to the provisions of section 581, Code of Civil Procedure.

(4) September 29, 1947, plaintiff's motion on numerous grounds to vacate the judgment of dismissal entered August 1, 1947, was dismissed.

Preliminarily, it is to be noted that plaintiffs have not appealed from the order of September 29, 1947, denying the motion to vacate the judgment of dismissal. Therefore, there are no questions before this court relative to the propriety of such order. The only questions here for consideration are those which may be reviewed upon appeal from the order of August 1, 1947, dismissing the action, which presents the correctness of the trial court's action in sustaining defendants' demurrer to the complaint. ■ The rule is established that on appeal from a judgment dismissing a complaint after a general demurrer has been sustained thereto, an appellate court is confined to a consideration of whether the complaint states sufficient facts to constitute a cause of action. (*Lynch* v. *Watson,* 78 Cal.App.2d 96, 101 [177 P.2d 657] ; *Genuser* v. *Ocean Acc. etc. Corp.,* 42 Cal.App.2d 673, 675 [109 P.2d 753].)

The material allegations of the complaint are these:

"That a conspiracy to defraud the plaintiffs herein now exists, and has existed at all times mentioned in this Complaint, and that the defendants above named have all joined in, favored, approved of, and furthered said conspiracy; that they so joined in, favored, approved of, and furthered said conspiracy knowingly, wickedly and maliciously and with intent and design to injure said plaintiffs; that by and through said conspiracy the plaintiffs herein have been damnified and have suffered great injury;

"That the said conspiracy consisted in part of circulating false reports and making untruthful statements concerning said plaintiffs and their business operations and integrity, and business connections, with intent and design to blacken their business name and reputation and injure them; and consisted in part in actual interference with, injury to, and destruction, or carrying away, of the personal property and

Contractural rights of said plaintiffs, and interference with the titles to their personal property, contracts and other papers, mail box, mail, and strong box containing documents;

"That on the 28th day of March, 1938, plaintiff herein, H. L. Lynch, entered into a written contract with James T. Dunn and Jessie W. Dunn, his wife, at San Fernando, Los Angeles County, California, in which contract the said Dunn and wife agreed to sell to Lynch, his order or his assignee, all of their right, title and interest in and to all lots, and and *rights* in the Townsite of Howard, County of Los Angeles, State of California, as per map recorded in Book 22, pages 59 to 62, Miscellaneous Records of said County; that said contract is assignable in. whole or in part and is recorded in Book 15849, at page 184, Official Records of said Los Angeles County;

"That on or about the 31st day of March, 1938, the said H. L. Lynch assigned to C. A. Trathen, as trustee for Motor Fuel Association, of Arizona, and as trustee for American Motor Fuel Committee (one-half to each), certain rights secured, or to be secured, under the said contract with James T. Dunn and Jessie W. Dunn, his wife, in and to the Dunn lots, (description of property);

"That on or about the 1st day of April, 1938, the said Lynch assigned to C. A. Trathen, individually, certain rights, (under said Contract with Dunn and wife), in and to the Dunn interests in lots in blocks 57 and 63 of the said Townsite of Howard, all the lots so assigned, individually, or as trustee, to go into a series of leases with the Dunn-Kendrick and Holmstrand lots in block H (description of lots) under various lease agreements made by the owners of said property, and including property owned or controlled by H. L. Lynch and H. L. Lynch, Trustee; that said conspiracy has interfered with and prevented the said contracts being fulfilled;

"That the name C. A. Trathen does not appear in the notice to creditors of the Estate of Corinne Agnes Trathem, Deceased, proceeding No. 249039 in the Probate Court; that owing to said name not appearing in *that notice,* no notice has been given to the creditors of C. A. Trathen, or to any other person in regard to the probating of the Estate of C. A. Trathen;

"That the title to the property listed in the inventory of the Estate of Corinne Agnes Trathem with a legal description attached, does not stand in the name of C. A. Trathem, but, excepting one parcel which was owned personally by

C. A. Trathen, it stood in the name of C. A. Trath*en, Trustee,* and is not the property of C. A. Trathem or of the Estate of Corinne Agnes Trathem;

"That the fact that the said property, (and other property ambiguously listed in the inventory), were included in a trust, does not appear any where in the said probate proceeding;

"That there is considerable property belonging to C. A. Trathen and C. A. Trathen, Trustee, not listed or included in the said probate proceeding; that lots 4 and 5 of Block 78 of the said Townsite of Howard are two of said parcels which were conveyed to the said C. A. Trathen, Trustee, but are not included in the inventory of said estate; that they were included in the trust with (description of lots), at the time of the creation of said trust; that there is other property in said Townsite of Howard, and elsewhere, belonging either to the said C. A. Trathen, individually, or as trustee, and not listed in the inventory of said estate;

"That by a distribution of the property belonging to C. A. Trathen, Trustee, in the Estate of Corinne Agnes Trathem, the beneficiaries, and creditors of the said C. A. Trathen, Trustee, would be defrauded, having received no notice to creditors; that a false administration and distribution would be effected, leaving considerable of the property of C. A. Trathen, Trustee, unadministered, unaccounted for, and in jeopardy;

"That the inventory of the said estate, probate No. 249039, is ambiguous, uncertain and incomplete, and is not a truthful statement;

"That the administrator is, by this proceeding, endeavoring to probate only a part of the known property of C. A. Trathen, under a different name, and by said means seeking to deprive the trust, and real parties in interest of their rightful share and to fraudulently divert it to the alleged heirs to the said property, and leave the rest of the property unadministered;

"That Philip A. Rheinschild, acting as administrator of the Estate of Corinne Agnes Trathem, and individually, joined in and furthered said conspiracy to defraud the plaintiffs herein;

"That P. H. Leavitt, defendant herein, joined in and furthered said conspiracy to defraud the plaintiffs in this action;

"That E. Eastland, defendant herein, joined in and furthered said conspiracy to defraud the plaintiffs in this action;

"That each and every one of the other defendants herein, named after E. Eastland, joined in and furthered said conspiracy to defraud plaintiffs in this action;

"That because of and through the said conspiracy the plaintiffs herein have suffered damage in the sum of Fifteen Hundred ($1500.00) Dollars.

"For a second and separate cause of action herein, plaintiffs re-allege paragraphs I to XII, both inclusive, of this complaint the same as though here set out in full, and further allege as follows:

"That by and through said conspiracy, the leasing agreements, other contracts, rights, personal property and business name and reputation of plaintiffs herein has been interfered with by each and every one of said defendants, and said plaintiffs have been damnified thereby and injured in the sum of Fifteen Hundred ($1500.00) Dollars; . . ."

*Law*

A conspiracy is not actionable unless the alleged combination results in the perpetration of an unlawful act or some injurious act by unlawful means. (*Rose* v. *Ames*, 53 Cal.App.2d 583, 588 [128 P.2d 65]; *Harris* v. *Hirschfeld*, 13 Cal.App.2d 204, 206 [56 P.2d 1252]; *Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 488 [110 P.2d 396].)

In the present complaint there is a total absence of any allegations of any unlawful act or an injurious act by unlawful means. Hence, the demurrer was properly sustained, and plaintiffs having failed to amend within the time allowed by the trial court it was correct to enter a judgment of dismissal of the action.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied July 27, 1948, and appellants' petition for a hearing by the Supreme Court was denied August 26, 1948.