[Civ. No. 20385.   Second Dist., Div. Two.   Sept. 29, 1954.]

ALBERT R. WILLIAMS, Appellant, v. GEORGE G. SMITH et al., Respondents.

Albert R. Williams, in pro. per., for Appellant.

Charles H. Matthews for Respondents.

MOORE, P. J.—Appeal from a judgment of dismissal entered 27 days after entry of the order sustaining demurrer to plaintiff's fourth amended complaint. The order granted plaintiff 20 days within which to amend.

The brief filed by appellant is not a fair compliance with rule 15 of the Rules on Appeal in that each point in the brief does not appear separately under an appropriate heading. However, such defect will be disregarded and the merits of the appeal will be considered.

Count 1 of the complaint alleges that on February 28, 1951, plaintiff and defendant George Smith made an oral contract whereby Smith as a licensed real estate broker employed plaintiff as a licensed real estate salesman whereby plaintiff should receive fifty per cent of the total commission paid on all sales made by plaintiff and should receive fifty per cent of certain loan commissions; about March 10, 1951, George Smith induced plaintiff to buy a parcel of real property and told plaintiff·to convey such property to George Smith and his wife, Josephine; that defendant association made a loan of $6,500 to "facilitate said sale"; at that time Josephine was an officer of such association; the escrow which handled the transaction closed June 5, 1951; the property purchased was Lots 33 and 34 of Block 17; George Smith and Ella Blodgett, secretary of the association and stepmother of Josephine, conspired to instruct the escrow agent to record deeds relative to such loan in the name of plaintiff, but finally to deed the property to George and Josephine Smith; George Smith and Mrs. Blodgett conspired to maintain conveyances in the name of plaintiff at the office of the association after the conveyance to the Smiths; George and Mrs. Blodgett conspired to withhold from record the conveyance to the Smiths until one year after close of escrow; George and Josephine Smith and Mrs. Blodgett conspired to withhold from record the assumption by the Smiths of the obligations and liens executed by plaintiff relative to such property; George and Mrs. Blodgett conspired to have plaintiff execute a proxy to L. M. Blodgett, president of the association and father of Josephine without plaintiff's knowledge; George Smith fraudulently and orally represented that the sales and conveyances of such property were legal; George did not inform the plaintiff that the latter was executing a second trust deed in favor of the sellers for $3,274.33;

Such representations were false and known by defendants to be false; the Smiths unlawfully acquired ownership of such property by "said corrupt conspiracy" of defendants; plaintiff has incurred liabilities of approximately $10,000 and has lost all rights to the property while still owing the liabilities; for the same reason plaintiff has lost rents and income produced by the property in about the sum of $3,200 and still has liabilities relative thereto; George Smith falsely and orally represented to plaintiff that the latter would not have any liability relative to said property and conveyances; plain-

tiff believed and relied upon such representations and was induced to purchase the property and to transfer it to defendants Smith; plaintiff "was induced to sign some blank instrument of conveyances without having knowledge of the contents thereof"; by reason of such conspiracy, plaintiff's reputation and character have been ruined and damaged.

The second count for damages alleges as follows:

"Plaintiff refers to paragraphs (1) through (6) of the First Cause of Action and incorporates them herein as though fully set forth again."*

For a third count for *declaratory relief,* plaintiff alleges substantially as follows: he adopts paragraphs 1 to 6 of his first count and incorporates them as though fully set forth; plaintiff is uncertain as to his obligations and liabilities to the Smiths and the association and as to his rights against the Smiths and as against the assocation; notice of intention to rescind has been given defendants Smith; plaintiff had no consideration to tender defendants since defendants had given no money or other consideration to plaintiff relative to said sale.

For a fourth count "for fraud plaintiff alleges":

Plaintiff adopts paragraphs 1 and 2 of the first count; defendant George Smith was required by law to teach plaintiff how legally to list, sell and convey real property and was required by law to deal honestly with plaintiff; in pursuance of said contract of employment, plaintiff obtained an open listing June 13, 1951, of Lot 5, Block 4; it was sold as a result of said listing; said sale and listing resulted while the oral contract between plaintiff and George Smith was in full force and effect; on June 14, 1951, George Smith represented to plaintiff that he had a purchaser for Lot 5; at such time, plaintiff had a willing and able buyer; George Smith demanded that plaintiff refrain from showing Lot 5 to plaintiff's client in order to facilitate a sale, with which demand plaintiff complied; immediately after an escrow had been established June 25, 1951, George Smith, with intent to deceive and defraud plaintiff, represented to the latter that the purchaser was the sister-in-law of James A. Johnson, a licensed broker who had procured her to purchase Lot 5; on August 5, 1951, after close of escrow, George Smith falsely represented to plaintiff that Virginia Johnson was the purchaser and that James A. Johnson was the broker that obtained her; on August 5,

---

*Count 1 has only six paragraphs reported in substance above.

1951, after the close of escrow, defendant George Smith falsely and orally represented that he did not receive a loan commission and also represented to plaintiff that the commissions paid were $1,200; on June 20, 1951, George Smith arranged for a loan with the association to facilitate the sale; George Smith and Ella Blodgett conspired to instruct the escrow agent to record trust deeds relative to the loan in the name of Virginia Johnson but actually to deed the property to James A. Johnson; George Smith and Mrs. Blodgett conspired to direct the escrow agent not to record the conveyances to James A. Johnson; George Smith and Mrs. Blodgett agreed to maintain in the files of the association documents in the name of Virginia after the conveyances to James A. Johnson; the acts and representations of defendants were unlawful;

In truth and in fact, James A. Johnson was the purchaser and George Smith was the broker who made the sale to Johnson; Smith received $400 as a loan commission and a commission of $2,200 for the sale of the property; plaintiff believed all such representations and was induced to discontinue negotiations for the sale of Lot 5 and to claim a commission of $300; he has received only $100; he is entitled to $1300 as his share of the commissions; plaintiff did not discover the facts herein alleged until after July 1952; the escrow for the sale of Lot 5 disclosed on or about July 27, 1951, that John and Fanny Rozier were the sellers of Lot 5; Virginia Johnson is recorded in the public records as the purchaser; by reason of the facts alleged, plaintiff has suffered great losses and expenses and might suffer additional losses.

■ It is a rule of appellate procedure that, on the review of a judgment of dismissal after demurrers have been sustained, the court's attention is directed to the sole consideration of whether the complaint states sufficient facts with sufficient certainty to warrant the trial court in overruling the demurrers. (*Lynch* v. *Rheinschild*, 86 Cal.App.2d 672, 673 [195 P.2d 448]; *Lynch* v. *Watson*, 78 Cal.App.2d 96, 101 [177 P.2d 657].) With that rule as the major premise, we now turn to a consideration of the validity of the fourth amended complaint.

## VICES OF THE PLEADING

That the court properly sustained the demurrers, both general and special, to the pleading will instantly appear from a perusal of the document.

In count 1 for the enforcement of a rescission, there is

no allegation of a demand for rescission. Notwithstanding the escrow for the sale of the properties was closed about June 5, 1951, the complaint was not filed until July 6, 1953, and the fourth amended complaint was filed December 8, 1953. There is no attempt to allege an excuse for the delay between the date of the alleged fraud and the commencement of the action.

But the ills of the pleading multiply on close inspection. There is no statement of how George Smith and Mrs. Blodgett conspired to withhold the conveyance from record; or of the representations George made that the sales were legal. The words "conspire" and " legal" are legal conclusions. It does not appear why plaintiff did not know or see that he was executing a second trust deed in favor of the sellers or how the "corrupt conspiracy" helped defendants acquire ownership of Lots 33 and 34. No facts are alleged to show the property's revenues or how derived or how plaintiff lost them; no facts are alleged to show how plaintiff's character was injured or of what the injury consisted. ■ The law requires that a person dissatisfied with a transaction who desires to rescind "must rescind promptly, upon discovering the facts which entitled him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind." (Civ. Code, § 1691.) Also, there is no attempt to allege that he was still under duress or menace or undue influence as a result of the actions of the defendants or that he was not aware of his right to rescind. ■ One who desires to cancel a contract on the ground of fraud or mistake must tender back whatever he has received prior to the commencement of the action, offer to place his contractee *in statu quo* and he must allege such tender or offer in his complaint. (*Clanton* v. *Clanton,* 52 Cal.App.2d 550, 555 [126 P.2d 639].) ■ Also, the complaint is vulnerable in that while an unreasonable delay appears on the face of the complaint, there is no attempt to excuse his lack of diligence in his failure to act promptly. (*Ibid.*) ■ Where circumstances that might excuse a delay in filing a suit are not alleged, it will be presumed that they do not exist. (*Estrada* v. *Alvarez,* 38 Cal.2d 386, 391 [240 P.2d 278]; *King* v. *Los Angeles County Fair Assn.,* 70 Cal.App.2d 592, 596 [161 P.2d 468].) It is to be noted that the fourth amended complaint was not filed until two and one-half years after close of escrow. ■ The requisite of a diligent demand against one who is alleged to have gained some unfair advantage in a transaction arises out of two conditions: (1) the advantage to the

courts in not having the facts of the controversy too far removed in time which, sometimes through impairment of memory, makes difficult ascertainment of the truth; (2) the serenity of society is disturbed by the resurrection of forgotton grievances and old controversies. They are the same bases which impelled the legislative establishment of statutes of limitation.

As to count 2, it cannot be determined how plaintiff was damaged. He does not allege that he ever invested any money in his contract with defendant Smith. While it is true he claims to have suffered loss of rents and income in the amount of $3,200 by reason of the corrupt conspiracy of defendants, there is no attempt, in the complaint, to point out where or how such rentals were derived. ▮ Damages cannot flow from a mere conspiracy on the part of individuals unless the conspirators do some unlawful act or injure the plaintiff by unlawful means. In the absence of an allegation of such unlawful act or injury, the conspiracy charge fails to state a cause of action. (*Harris* v. *Hirschfeld*, 13 Cal.App.2d 204, 206 [56 P.2d 1252]; *Mox, Inc.* v. *Woods*, 202 Cal. 675, 677 [262 P. 302].)

As to the third count, it fails to meet the requirements of the statute in that it sets forth no facts showing the existence of an actual controversy relating to the rights and duties of the parties. ▮ To state a cause of action for declaratory relief, pertinent facts must be alleged from which the court must determine that an actual controversy with respect to the legal rights and duties of the parties exists. (*City of Alturas* v. *Gloster*, 16 Cal.2d 46, 48 [104 P.2d 810].) Inasmuch as the plaintiff chose not to amend his complaint again, it must be assumed that he had no facts with which he could improve his statement of an actual controversy.

▮ As to the fourth count whereby plaintiff neglects to state a cause of action based upon the fraud of the defendants, he opens with the charge that George Smith was required by law to teach plaintiff how to sell and convey property in a legal manner. He recites the story of having obtained a listing of Lot 5 and that it was sold pursuant thereto to one James Johnson; that in fact the purchaser was James A. Johnson and defendant George Smith was the broker; that while he was entitled to $1,300, he was induced to accept $300 as his share of the commission. If the facts alleged in count 4 are true, they might form the basis of a separate suit for an

accounting for his share of the additional $1,000 commissions collected by defendants in excess of the sum received by plaintiff; but not an action for fraud arising out of facts not related to the first three counts. There is in the first place no basis for its joinder with the other counts; there is no relationship between the facts embodied in count 4 and those alleged in counts 1 and 3. The first three counts are based largely upon the allegation of conspiracy. The allegations of George Smith's debt of $1,000 in the fourth count cannot under any reasonable construction of the rules of pleading be included in a complaint containing the first three counts of the fourth amended.

Judgment affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied October 14, 1954, and appellant's petition for a hearing by the Supreme Court was denied November 24, 1954.

