[Civ. No. 10028.   Third Dist.   Mar. 15, 1961.]

FRANK L. MOORE et al., Respondents, v. KENNETH R. MOORE, Appellant.

130

Harold J. Willis for Appellant.

Michael & Papas and Irving M. Corren for Respondents.

WARNE, J. pro tem.*—Defendant appeals from the judgment entered on April 21, 1960, decreeing that the partnership existing between the plaintiffs and the defendant under the firm name of Moore Truck Lines, was dissolved as of December 19, 1956, and ordering plaintiffs to pay to defendant the sum of $12,918.21, which sum represented defendant's interest in the partnership on the date of dissolution.

Appellant first contends that the evidence is insufficient to support the findings and conclusion of the trial court that the partnership was dissolved on or about December 19, 1956. As stated by this court in *Pores* v. *Purity Milk Co.,* 135 Cal.App.2d 305, 307 [287 P.2d 169]: ". . . if the factual

*Assigned by Chairman of Judicial Council.

determination made by the trier of fact is supported by competent and legally sufficient evidence, an appellate court is bound by that determination even though there is an abundance of record evidence to the contrary.'' ▇ And at page 309, ''It is not the province of a reviewing court to comment on each evidentiary conflict or disagreement or to present a detailed argument on the sufficiency of the evidence to support the findings. [Citing cases.]''

▇ We do not deem it necessary or useful to make a detailed statement of all the evidence that was presented in this case. Suffice it to say the parties entered into a copartnership agreement to carry on a trucking business known as Moore Truck Lines. The agreement required that ''Each partner will give his time and effort to the operation of the truck line.'' However, from December 2, 1956 on, the appellant did not participate in or devote any substantial time or effort to the partnership business. Respondent Frank L. Moore testified that the appellant called him about December 1, 1956, and told him that he, the appellant, was quitting the business. In April 1957, appellant with his family moved to Albuquerque, New Mexico, purchased a home, and in the summer of 1957 he enrolled as a student in the College of Pharmacy at the University of New Mexico, and, at the time of trial, was still in that status, although the trucking operations of the partnership were confined to the San Francisco Bay Area and the San Joaquin Valley. While appellant testified, in effect, that he left and went to Albuquerque because of his physical condition it is obvious that the trial court did not believe him. It further appears that from the time of the inception of the partnership in January 1955 to December 1956, the appellant's conduct led to constant bickering and serious arguments between the appellant and the other partners. During this period of time appellant withdrew profits against the wishes of the other partners. There was also testimony that as a result of appellant's abandonment of the partnership the business became disorganized and lost revenue. This evidence is legally sufficient to support the findings and conclusion of the trial court that the partnership was dissolved. (Corp. Code, §§ 15029, 15032, subd. (1) (b), (c) and (d); *Owens* v. *Cohen*, 19 Cal.2d 147, 151 [119 P.2d 713].)

▇ Appellant next contends that he was acknowledged as a partner at least up to August 1958. He argues that during all times from the formation of the partnership to the time of trial, appellant has continued to receive statements of the

financial status of the business; that the books and records of the partnership were open to the inspection of the partners at all times; that in his testimony Frank L. Moore acknowledged that appellant was a partner during 1957 (". . . in order that a complete distribution could be made to satisfy Mr. Kenneth Moore and all other partners . . .") ; and that appellant was paid a salary for a week's work in May 1958, at the same rate as the other active partners. However, as pointed out above, there was sufficient evidence to show that appellant left the partnership in December 1956. Whether or not subsequent acts of the respondents reinstated the appellant's position in the partnership or waived his requirement that all partners would devote their time and effort in an active manner was a question of fact for the trial court. Nothing is shown by the appellant which demands the conclusion contended for. It is true that the original agreement was amended June 22, 1957, and that the amendment was signed by the appellant at that time. Appellant contends that the amended agreement recognizes the appellant as an "inactive" partner. If the amendment stood alone, this interpretation might be made; however, the amendment referred to the original contract and hence, the requirement that all partners devote their time and effort to the partnership still existed. The amended agreement merely increased the weekly drawing of those partners actively engaged in the business, and does not expressly recognize a new role in the partnership of "inactive partner." Furthermore, as appellant still had an interest in the partnership, the trial court could find that his signature on the agreement did not constitute, in itself, a reinstatement of the partnership as originally formed; also, since appellant retained an interest in the partnership, the transmission of financial statements to him from the respondents does not necessarily lead to the conclusion that respondents accepted him in his new role of inactive partner.

The trial court found as a fact that the partnership was dissolved by the acts of appellant on or about December 19, 1956. Appellant contends that under the rule of *Zeibak* v. *Nasser*, 12 Cal.2d 1 [82 P.2d 375], in a judicial dissolution the date of dissolution is usually the date of the order of the court and that this should have been the result here. The original agreement contained no requirement of notice in writing and was an agreement for no fixed period of time. It created a partnership at will (*Harris* v. *Hirschfeld*, 13 Cal.App.2d 204 [56 P.2d 1252]), and could be dissolved by the express will of

any partner. In the Zeibak case, *supra,* the parties were in constant negotiation up to the time of trial and it was also found in that case that the parties never considered the venture dissolved. The facts in the present case are distinguishable; also ". . . where the breach is serious and unequivocal, the dissolution may be decreed as of the date of the breach. In such cases the misconduct really dissolves the partnership, the court decree merely giving legal effect thereto." (38 Cal. Jur.2d 18; see *McAtee* v. *McAtee,* 105 Cal.App. 555, 558 [288 P. 114]; *Vangel* v. *Vangel,* 116 Cal.App.2d 615, 626 [254 P.2d 919].) This was apparently the theory of the trial court and the record amply supports the trial court's finding that the partnership was dissolved December 19, 1956.

Appellant argues the amendment to the basic agreement which was executed June 22, 1957, required written notice to dissolve the partnership. Even if appellant correctly interprets that document, his contention is immaterial, if in fact the partnership had been a partnership at will with no such requirement as of December 1956, when the appellant abandoned the partnership. The original agreement does not purport to require written notice.

Finally, appellant contends that the judgment does not properly fix the value of his interest in the partnership. He argues that under section 15042 of the Corporations Code he should have received interest in addition to the amount awarded, or at his option "the profits attributable to the use of his interest in the property of the dissolved partnership."

The profits attributable to the use of appellant's interest in the partnership is a question of fact. The trial court specifically found that no portion of the profits earned by the partnership subsequent to December 19, 1956, was attributable to appellant's interest. This finding is supported by the record. Prior to December 1, 1956, each of the partners devoted 16 hours a day to the business from Monday through Friday, 10 to 12 hours on Saturday and 2 to 4 hours on Sunday and, with at most a 15 per cent reduction, respondents continued to work these hours after December 1956. After appellant left the business, it was necessary to hire an extra man whose wages for 1957-1958 totaled $15,072.15. The man hired did not perform all the duties appellant had performed. The trial court could reasonably find on this evidence that all net profits earned after December 1956, were the result of the long and arduous hours of work that the respondents performed. However, the trial court did err in failing to award appellant

interest from December 19, 1956, on the $12,918.21 found to be his share in the partnership on that date. We conclude that the judgment should be modified so as to include interest.

As modified, the judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.