[Civ. No. 19130.  First Dist., Div. Two.  Apr. 24, 1961.]

ROSE L. GOLEM, Respondent, v. JOHN J. FAHEY, JR., Appellant.

Herbert Chamberlin for Appellant.

Edward M. Fellows and Lawrence T. Sutton for Respondent.

STONE, J. pro tem.*—Appellant leased from respondent about 11 acres of land in the city of Milpitas, Santa Clara County, located at the corner of Trimble Road and Oakland Highway. It was being used for agricultural purposes at the time but its location near the Ford assembly plant project made it suitable for commercial uses. The term of the lease was for 99 years and appellant agreed to pay $500 per month rent; to pay all taxes assessed against the land; to make certain improvements of a commercial nature, and to save the lessor harmless from all claims by reason of his use and occupation of the property. The lease clearly contemplated a commercial use of the property.

*Assigned by Chairman of Judicial Council.

Respondent was represented by two real estate brokers who handled all of the preliminary negotiations with appellant. After the lease, which had been prepared by appellant, an attorney, had been executed, one of the brokers discovered that the property was zoned for agricultural use. Thus, appellant could not use the property for the purposes specified in the lease unless it was rezoned. This was attempted but never completed. Appellant did nothing, simply refusing to recognize the lease. Respondent consulted her attorney who wrote appellant and getting no satisfaction, filed suit for rent due, unpaid taxes and a penalty for failure to construct improvements, all as required by the lease. Appellant answered the complaint and affirmatively pleaded mistake and fraud which he alleged made the lease void. He gave no notice of rescission and pleaded none. The trial court, sitting without a jury, found against appellant's contentions, specifically finding that there was no mutual mistake and that there had been no fraud or misrepresentation on the part of respondent. Judgment was entered in favor of respondent for the amounts due under the terms of the lease. This appeal followed, appellant contending that the lease was void by reason of both mistake and fraud.

The evidence sustains the finding of the trial court that respondent was not guilty of misrepresentation and that her agents, the real estate brokers, perpetrated no fraud on appellant. We cannot agree with the finding that the lease was not the result of mistake. Not only does the testimony reveal that all persons concerned with the transaction were under the impression that the property leased could be used for commercial purposes, but even more persuasive is the lease itself which requires a commercial use. The appellant was bound to ''expend the sum of at least $10,000 in improvements on the premises within one year.'' The lease also provided:

''TWENTY-FIRST: The lessee shall have the right to erect any building or buildings on the demised lands to meet his requirements for any and all legal uses without submitting plans or specifications to the lessor for approval. However, any improvements shall conform to Municipal Codes and Regulations.''

The facts closely parallel those of *Hannah* v. *Steinman*, 159 Cal. 142 [112 P. 1094], wherein a land owner leased a lot in San Francisco to a lessee who intended to erect a wooden building on the property. This was in July of 1906. Unknown to both lessor and lessee, just two days before the

lease was executed, the city because of the fire in the spring of 1906 enacted an ordinance forbidding the erection of wooden buildings in the area where the property was situated. The Supreme court held at page 150:

"Without the right to construct a wooden building the tenant, so far as all practical considerations are concerned, was obtaining nothing. If an effectual prohibition against a wooden building on this lot had been imposed by the terms of a prior conveyance, and this lease had been given and received in ignorance of the existence thereof, it would probably not be questioned that the mistake would be of such a nature as to enable the lessee to rescind, the prohibition amounting to a practical and material impairment of the estate contemplated by the parties. Here we have practically the same result because of an ordinance of the city of which the parties were ignorant. We cannot believe that the equitable rules relative to mistake should be so narrowly construed as to require us to hold that this mistake did not go to the very essence of the contract between these parties" (see also *Williams* v. *Smith,* 127 Cal.App.2d 607, 612 [274 P.2d 204]; 1 Witkin, Summary of California Law, p. 135, § 127).

Although our case comes within the mutual mistake principle of *Hannah* v. *Steinman, supra,* it is of no comfort to appellant otherwise, since he failed to rescind the lease. The Hannah case holds that an agreement which results from mistake is voidable only and that the party seeking to void the agreement must rescind as required by the Civil Code. The right to rescind is given by Civil Code, section 1689, subdivision 1, and Civil Code, section 1691, designates the manner in which that right must be effected. It provides:

"§ 1691. *Rescission how effected.* Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"1. He must rescind promptly, upon discovering the facts which entitled him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so. [Enacted 1872]."

The record reflects that appellant gave no notice of rescission and made no offer to restore. He failed to answer the letters of respondent's counsel before suit was filed and he failed to plead rescission after suit was filed. The pretrial order reflects that the pretrial judge called to appellant's attention the necessity for rescission but the record is bare of any steps by appellant to correct this defect. At the trial, appellant introduced no evidence of rescission. We must assume that appellant took this position deliberately since he testified that he was an attorney of some 27 years' experience. As hereinbefore stated, he prepared the lease which the parties signed.

Since appellant failed to rescind upon learning of the mistake or within a reasonable time thereafter and failed to comply with any of the provisions of Civil Code, section 1691, he cannot now seek relief in this forum. His position is comparable to that of the plaintiff in *Estrada* v. *Alvarez,* 38 Cal.2d 386, which holds at p. 390 [240 P.2d 278]:

''But even if we assume that plaintiffs did not discover facts which should have put them on notice of the asserted fraud until March 1, 1948, plaintiffs cannot recover upon the theory of rescission because they have not, and it is apparent from the allegations of the successive complaints that they cannot, allege facts showing compliance with section 1691 of the Civil Code'' (see also *Gedstad* v. *Ellichman,* 124 Cal.App. 2d 831, 834 [269 P.2d 661]; *Kelley* v. *Owens,* 120 Cal. 502, 506 [47 P. 369, 52 P. 797]).

The judgment did not terminate the lease and left appellant bound to pay $500 per month plus taxes for some 97 years. This inequitable aspect of the case was eliminated at the time of argument before this court by counsel's stipulating that the judgment be modified to provide that the lease terminated as of the date of the judgment. Therefore, it is ordered that the judgment be modified pursuant to stipulation of counsel to terminate the lease as of the date the judgment bears.

The judgment is affirmed, as modified, respondent to recover costs on appeal.

Draper, Acting P. J., and Shoemaker, J., concurred.