NORTH AMERICAN TITLE INSURANCE COMPANY, INC., a California corporation, Plaintiff—Appellee,

v.

Hugh B. WELCEL, an individual, Defendant—Appellant.

No. 04–15567.

D.C. No. CV–02–03113–JSW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Dec. 21, 2005.

Thomas E. Alborg, Mark D. Epstein, Alborg, Veiluva & Epstein LLP, Walnut Creek, CA, for Plaintiff-Appellee.

Allen M. Gruber, Amy C. Salmans, Gruber & Donnet, APLC, San Diego, CA, for Defendant–Appellant.

Before B. FLETCHER, HAWKINS, and BEA, Circuit Judges.

## MEMORANDUM *

We affirm the district court's grant of summary judgment to North American Title Insurance Company ("Title Company"). Appellant Hugh Welcel ("Welcel") now contends that the district court erred in finding that he had released the property's seller from liability, thereby abrogating the Title Company's subrogation rights, because the release was a mistake of law and subject to rescission.

Even if we agree to consider Welcel's argument for the first time on appeal, he cannot prevail. Assuming without deciding that the language in the release—which purports to both release the seller and preserve any claim against the Title Company—demonstrates an obvious mistake of law by both parties, this does not render the contract void *ab initio.* *See* Cal. Civ.Code §§ 1689(b)(1) & 1691. The party seeking to void the agreement must comply with the formal requirements of rescission, *Golem v. Fahey,* 191 Cal.App.2d 474, 476–77, 13 Cal.Rptr. 63 (1961), something Welcel has not done. Moreover, we fail to see how he even could rescind the release at this point; the execution of the release was an integral part of the sale of the final four parcels, and Welcel has now conveyed all the parcels to a third party. In sum, even if Welcel can show mutual mistake, "it is of no comfort to appellant otherwise, since he failed to rescind the [release]." *Id.* at 476, 13 Cal.Rptr. 63.

AFFIRMED.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because of our decision, we need not address the district court's alternative holding regarding diminution in value.