[No. 6,229.—In Bank.]
November 23, 1882.

SANTA CRUZ RAILROAD CO. *v.* THE COUNTY OF SANTA CLARA.

Action against County—Liability of Supervisors.—The complaint alleged a failure of the Board of Supervisors to issue certain bonds to the plaintiff at the times the same should have been issued, and that the plaintiff had suffered damage thereby.

*Held:* The facts alleged would not justify a judgment against the county. For a neglect or a refusal to perform a duty imposed on him by law, a Supervisor is by Section 4086, Political Code, made personally liable.

Appeal from a judgment for the defendant, on demurrer, in the Twentieth District Court, County of Santa Cruz. Belden, J.

The action was brought to recover damages alleged to have been suffered by reason of the delay of the Board of Supervisors of the County of Santa Cruz in issuing to the plaintiff certain bonds, to which the plaintiff was entitled under the contracts and laws referred to in the case of *Santa Cruz Railroad Company* v. *The Board of Supervisors of the County of Santa Cruz,* 8 P. C. L. J. 809.

*Charles B. Younger,* for Appellant.

The county contracted to deliver its bonds to appellant as

the work on the railroad progressed, and failed so to do until long after the stipulated times. Appellant was damaged thereby as though the contract had been executed between individuals.

*J. H. Logan*, for Respondent.

Admitting, for the purpose of argument, that the plaintiff has suffered damages by the negligence of the Supervisors, the county can not be held for the same. (*Sherbourne* v. *Yuba County*, 21 Cal. 113; *Huffman* v. *San Joaquin County*, 21 id. 426; *Crowell* v. *Sonoma County*, 25 id. 313.)

The COURT:

The demurrer to the complaint was properly sustained. We see no such statement of facts in the complaint as would justify a judgment against the county. For a neglect or a refusal to perform a duty imposed on him by law, a Supervisor is by Section 4086, Political Code, made personally liable.

Judgment affirmed.