[Civ. No. 783. Third Appellate District.—June 17, 1911.]

## WARREN N. WOODSON, Respondent, v. WILLIAM W. WINCHESTER, Appellant.

CONTRACT TO SELL LAND—NONPAYMENT—FORECLOSURE OF RIGHT TO PURCHASE—ANSWER—DAMAGES FOR FRAUD—IRRELEVANT MATTER PROPERLY STRICKEN OUT.—In an action to foreclose defendant's right to purchase land under a contract of sale, for nonpayment of purchase money, where the answer does not seek to rescind the sale, but affirms the contract, and claims damages only for alleged fraudulent representations in the sale of such land, irrelevant matter in the answer relating to other lands, comprising a colony, and containing statements not reprehensible, nor connected with the specific fraud alleged, on which alone defendant had the right to rely, was properly stricken from the answer.

ID.—DUTY OF DEFENDANT TO PLEAD PARTICULAR FACTS SHOWING FRAUD.—Before a defense resting upon the fraudulent conduct of the plaintiff in a suit in equity to foreclose a contract to purchase particular land, and seeking to recover damages for such fraud, will be entertained by the court of equity, such fraud must be clearly stated and shown with that fullness and particularity of facts and circumstances required by the settled rules of pleading.

ID.—CERTAINTY REQUIRED.—Where defendant alleges that certain representations were "false and untrue in every material respect," something more certain than this is required of the pleader. He should have pointed out particularly what was material.

ID.—DEFENSE OF FRAUD NOT SHOWN—DAMAGE AS AN EFFECT NOT ALLEGED.—Fraud without damage furnishes no ground either for an action or for a defense. It must be shown in the pleading that the damage was sustained by reason of the fraud, and it must appear that the fraud and damage sustain to each other the relation of cause and effect, and that damage must have resulted from the false statements alleged. It is held that the answer is insufficient in this respect, and does not allege or show any material damage resulting from such false statements.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Frank Freeman, for Appellant.

W. P. Johnson, for Respondent.

CHIPMAN, P. J.—This is an action to foreclose defendant's right to purchase the lands described in the complaint.

A second amended answer was attacked by a motion to strike out many of its averments and by a general and special demurrer. The motion was granted as to a considerable portion of the answer and, after it had been thus shorn, the demurrer was sustained. Defendant making no further attempt to answer, plaintiff submitted his proofs and had judgment as prayed for in the complaint. The appeal is from this judgment on bill of exceptions.

The contract bears date September 16, 1907, and relates to certain lots in Maywood Colony, near Corning, Tehama county, for which defendant agreed to pay the sum of $5,500, in installments, $500 upon the execution of the contract. $1,000 on April 1, September 1 and December 1, 1908, and the balance, $2,000, on September 1, 1910, with interest at eight per cent per annum. It was alleged in the complaint that, on October 26, 1908, $2,100 had been paid on account of the principal and $400 on account of interest to that date, and that no further payments have been made. The complaint was filed April 14, 1909, and plaintiff prayed that defendant be foreclosed from all right to purchase said land unless all sums found to be due on said contract, including costs of suit, be paid within such reasonable time as the court may allow. No question is raised as to the terms of the contract or as to the payments made thereon. Defendant's defense rests alone on his averments of fraud.

Defendant is not seeking to rescind the contract. He states in his brief that he elects to retain what he has received under the contract and seeks to recover damages for the injury he has sustained from the alleged deceit; i. e., he affirms the contract and consents to be bound by its provisions, but does not waive his claim for damages arising from the alleged fraud collateral to the contract. His defense appears to be that he has been damaged $4,500, of which he asks that $2,500 be offset against plaintiff's demand, and that he have judgment for $2,000 and retain the land. Obviously, the defense rests entirely on the alleged fraudulent conduct of plaintiff, and, before such a defense will be entertained by a court of equity, it must be shown with that fullness and particularity

of facts and circumstances as is required by settled rules of pleading.

That sham, redundant and irrelevant matter in a pleading may be stricken out is a general rule and is established by the Code of Civil Procedure, section 453.

Paragraph II of the answer cannot for a moment be said to fall within any class of fraudulent representations or as statements by way of inducement to purchase at all reprehensible. They relate to lands comprising a colony and not to the specific lands in question. That defendant, as he says in paragraph III, "read them [the representations] deeply and carefully and that he became satisfied therefrom that such statements were really true," adds no force to the pleading, nor do the statements referred to in paragraph IV. The *"Maywood Colony Advocate"* was published for the "purpose of inducing persons residing in the eastern states to sell their properties there and come to Maywood Colony and purchase lands therein from plaintiff." This general purpose may have been, and probably was a very laudable one. Paragraph V of the answer was not wholly emasculated. Looking at the clauses stricken out, we fail to see their necessary relevancy to the charge of fraud. What mattered it that the land had never before been offered for sale; or that unless defendant purchased quickly he might lose the opportunity; or that plaintiff had kept this particular land as a "show place"; or that it had his personal attention; or that the ten acres not in orchard was ideal grape land, and plaintiff had kept it to go with the ten acres of orchard and that the two pieces must go together; or that fruit grown on the land had ready sale and commanded exceptionally high prices and was sold in advance of delivery at large profit? Defendant, according to his answer which stands, was taken to the land "in an automobile—plaintiff's automobile"—an unimportant fact, and he says "that plaintiff stopped his automobile on the land . . . pointing defendant's attention to said land . . . and requested defendant to purchase that particular land," and it was then, as they rested in the automobile, that plaintiff made the statements set out in the answer, some of which the court allowed to stand and struck out the others. Paragraphs VI, VII and VIII remained undisturbed by the motion. Paragraph IX suffered badly at the hands of the court,

but we cannot see that defendant's case suffered, for the matter stricken out had no necessary connection with the specific fraud on which alone defendant had any right to rely. The averments appear to be an attack upon the verity of the publications concerning the Maywood Colony lands, which publications are not alleged to have been directed to the particular land in question but to lands generally of the colony. The representations are substantially the same as are set forth in paragraph V. The paragraph closes with what apparently was intended to cover the entire catalogue of representations, which are denounced as "wholly and entirely false and untrue in every material respect" and were known by plaintiff "to be false and untrue in every material respect." This latter averment remains, but something more was required of the pleader than this. He should have pointed out what was material.

Paragraph X remains but XI went out, we suppose because the court thought it rather remote to make plaintiff pay defendant damages because the defendant gave credence to the "*Maywood Colony Advocate*" and sold out his business in New London and took a chance in Corning. We incline to agree with the trial court that the averments contributed nothing material to the answer.

Part of paragraph XII, to wit, marked a, b and c, went out probably because—(a) there were no averments to support a claim for the difference between the actual value of the property and the amount for which it was sold; (b) and (c) because too remote.

We think the demurrer was rightly sustained to the remaining portions of the answer. The recital of facts leading up to the alleged statements in paragraph V, subdivisions d, e and h, is plainly a narrative of which fraud is not predicated. Of the representations stated in these subdivisions, it is averred that defendant did not know whether or not they were true, but had entire confidence in plaintiff and believed him, and was thereby induced to agree to purchase the land, and this the pleader says is evidenced by the fact that the contract was "executed the day following"; that after he had made all the payments he discovered "that all said statements so made by plaintiff . . . were wholly false and fraudulent and defendant alleges that they were and are in

fact wholly false and fraudulent,'' which was well known to plaintiff and were made by him ''to induce defendant to pay $5,500 for the land herein involved when in fact it was not at higher value than $1,000'' and is not now of higher value than $1,000. Later along the pleader repeats these alleged fraudulent statements in paragraph IX, and he then alleges that they were false and untrue ''in every material respect.''

The special demurrer for uncertainty, in part, raised the question whether defendant intended to charge that these statements were wholly and unqualifiedly false or only false ''in every material respect,'' and, it is claimed, if the latter, that the defendant should have pointed out the material from the immaterial statements and shown on which he relies. But passing this by, there is no fiduciary relation shown between plaintiff and defendant, and there is no averment that plaintiff gave any warranty or guaranty in making the sale. He is alleged to have made certain statements which defendant avers turned out to be false and fraudulent, known so to be at the time by plaintiff and made as an inducement to defendant to make the purchase. But has defendant presented facts sufficient to justify the court in entertaining the defense attempted? Expressions of opinion are to be distinguished from statements of facts such as a purchaser who has gone upon the land, and has had full opportunity to exercise his own judgment would be justified in relying upon. The statements complained of which may be said not to come within the class of harmless expressions of opinion may be briefly stated as follows: That ten acres of the land contained Bartlett pears, almonds and orange trees; that the orange trees were of the fine Washington navels, the lemon trees a fancy quality and the olives of the mission variety; and that the trees on said ten acres had been for a number of years yielding plaintiff a net profit twenty per cent per annum on a value of $5,500, all of which was false and fraudulent, and so known to be by plaintiff, and was stated to defendant to induce him to purchase said land.

''Fraud without damage furnishes no ground for action; nor is fraud without damage a defense.'' (*Holton* v. *Noble*, 83 Cal. 7, 9, [23 Pac. 58].) It must be shown in the pleading that the damage claimed was sustained by reason of the

fraud and should show the relation between the fraud and
the damage alleged; that is, it must appear that the fraud
and the damage sustain to each other the relation of cause
and effect. (20 Cyc. 103, 107.) In passing upon the de-
murrer the learned trial judge very clearly pointed out the
shortcomings of the answer. He said:

"Several representations are alleged to have been made by
the plaintiff and then it is alleged that all of said represen-
tations were false. In what particulars they were false or
to what extent is not alleged.

"To illustrate, take the allegation that the plaintiff said
the orange trees were Washington navels. The answer alleges
that this statement was false. But false to what extent?
Were none of the trees of that variety, or were only a few
of them of some other variety? If only a few of them were
of another variety, then plaintiff's statement was false, but
it does not follow that defendant was injured thereby. The
number of other varieties may have been so few as to be of
no moment, and it might be true that none of them were Wash-
ington navels and still defendant not be injured at all. They
may have all been of a better and more profitable variety.

"The answer must state facts showing the false statements
of such a kind and in such particulars, as that damage re-
sulted therefrom to the defendant in the sequence of cause
and effect. I have examined a great many cases on this point
and find that in all of them the pleader has alleged the falsity
of the statements and then proceeded to show wherein and
to what extent they were false, and stated such facts as
showed that damage must have resulted from such false state-
ments. Many cases have been brought for damages alleged
to have been caused by a party falsely representing the num-
ber of acres in the tract sold. In none of them did the pleader
content himself with alleging that the vendor said there were
a certain number of acres (say 100), and that such a state-
ment was false, but he then alleged that there were instead of
the number of acres represented only a smaller number, stat-
ing the shortage in acreage, as compared with the number
represented.

"It is alleged in the answer that the plaintiff represented
that the place had been paying twenty per cent on a valua-
tion of $5,500 and that such statement was false. If the

pleader had specified, he would have gone further and alleged that it was not producing that much or any profit (if such were the fact), or that it was only producing ten per cent on a valuation of $2,000 (if such were the fact). Unless some such particulars are alleged, the answer does not allege or show any material damage resulting from the false statements.''

These views seem to us to correctly state the law.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.