[Civ. No. 22270.   Second Dist., Div. Three.   Dec. 9, 1957.]

N. MEYER BAKER, Respondent, v. ALFRED L.
LITTMAN, Appellant.

Bertram S. Harris for Appellant.

F. J. Finucane for Respondent.

VALLÉE, J.—Appeal by cross-complainant Alfred Littman, referred to as Alfred or Littman, from a judgment of dismissal entered on an order sustaining cross-defendant

Baker's demurrer to the second amended cross-complaint without leave to amend. The demurrer was general and special. A special demurrer had previously been sustained to the original cross-complaint and judgment of dismissal entered. On appeal the judgment was affirmed as to Counts I and III and reversed as to Counts II and IV with directions to permit an amendment thereof. (*Baker* v. *Littman*, 138 Cal.App.2d 510 [292 P.2d 595].)

After the reversal Littman filed a first amended cross-complaint to which a demurrer was sustained with leave to amend. He then filed the second amended cross-complaint, to which Baker's demurrer was sustained without leave to amend. The question is: Does any count of the second amended cross-complaint state facts sufficient to constitute a cause of action?

The facts alleged in the original cross-complaint and the comments of the court with respect thereto are stated in the opinion on the former appeal authored by Mr. Justice Fox: "The material allegations of Alfred Littman's cross-complaint, previously set out in detail, may be epitomized as follows: Alfred and his brothers and sisters are beneficiaries of the Horn trust estate. Respondent represented to him that he was the attorney for all his brothers and sisters with authority to file an action for them against the life tenant and trustees of the Horn trust. Relying on this representation, Alfred authorized respondent to add his name as plaintiff in the suit respondent prepared. Subsequently discovering that respondent was not attorney for all his brothers and sisters, Alfred ordered him not to sue in his behalf and respondent never instituted any legal proceeding for the trust estate. Further, Alfred alleged respondent knew he would never be obliged to pay for any legal services respondent might render. . . . His second and fourth counts sound in deceit. The second count alleges that as the result of respondent's conduct he was damaged in the sum of $3,500 which he was compelled to expend in protecting his equity in the trust estate. The fourth count alleges that respondent's conduct caused a diminution of the value of Littman's share of the trust estate in an amount as yet unascertained. . . .

"It is of course true that a fraudulent representation which is not the cause of damage is not actionable. (*Maynes* v. *Angeles Mesa Land Co.*, 10 Cal.2d 587, 590 [76 P.2d 109]; *Tsang* v. *Kan*, 78 Cal.App.2d 275, 281 [177 P.2d 630]; 12 Cal.Jur., § 69, p. 813.) 'It is fundamental, of course, that no

matter what the nature of the fraud or deceit, unless detriment has been occasioned thereby, plaintiff has no cause of action. Therefore, it is but a truism to say that if one party by fraud has been induced to enter into a contract executory as to both parties and nothing whatsoever is done under that contract, he has ordinarily suffered no injury therefrom.' (*Walter Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, 571 [126 P. 351, 42 L.R.A.N.S. 125].) In the instant pleading, Littman alleges that he discovered that respondent was not attorney for his brothers and sisters, as falsely represented, that he therefore withdrew his consent to be joined in the lawsuit prepared by respondent, and that the lawsuit was never filed. With only these facts to guide us, it is difficult to perceive how Littman's reliance on the false representation caused him the damage alleged. 'It must be shown in the pleading that the damage claimed was sustained by reason of fraud and should show the relation between the fraud and the damage alleged; that is, it must appear that the fraud and the damage sustain to each other the relation of cause and effect.' (*Woodson* v. *Winchester*, 16 Cal.App. 472, 476 [117 P. 565]; *Swasey* v. *de L'Etanche*, 17 Cal.App.2d 713, 719 [62 P.2d 753].)'' As previously noted, the judgment was reversed as to Counts II and IV.

The second amended cross-complaint alleges substantially the same facts as were alleged in the original cross-complaint. It is in three counts: the first and second sound in deceit; the third realleges the averments of the first count and alleges Baker perpetrated the alleged fraud maliciously. So far as we are able to discover, the only difference between the second amended cross-complaint and the original cross-complaint is an allegation that Littman has been informed and believes that Baker conspired with others to institute the proceedings referred to in the former opinion in behalf of Littman and his brothers and sisters for the sole purpose of keeping the trustees in possession and control of the Horn estate with the cooperation of Baker, and the further allegation that Baker perpetrated the fraud maliciously.

Littman says the first count spells out a conspiracy between Baker and others; the purpose of the conspiracy; the act played by Baker in the conspiracy; that he carried it to fruition, prevented Littman from protecting his interest in the estate; and the damages suffered as a result. ▪ A complaint ''which contains nothing more than bare allegations that the defendants entered into a conspiracy to defraud

plaintiff and committed certain acts in furtherance thereof does not state a cause of action unless those acts are connected with a showing of facts which, if true, would support the charge that they were wrongful [citation], inferences, generalities, presumptions and conclusions being insufficient.'' (*Kinney* v. *Postal Telegraph-Cable Co.*, 123 Cal.App. 70, 75 [10 P.2d 1043].) ▮ ''Damages cannot flow from a mere conspiracy on the part of individuals unless the conspirators do some unlawful act or injure the plaintiff by unlawful means. In the absence of an allegation of such unlawful act or injury, the conspiracy charge fails to state a cause of action.'' (*Williams* v. *Smith*, 127 Cal.App.2d 607, 613 [274 P.2d 204].) The averments with respect to a conspiracy are manifestly insufficient. (*Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 487-488 [110 P.2d 396].)

The most the present pleading alleges is that Littman by fraud was induced to enter into a contract, executory as to both parties. As in the original cross-complaint, Littman alleges ''that he discovered that respondent was not attorney for his brothers and sisters, as falsely represented, that he therefore withdrew his consent to be joined in the lawsuit prepared by respondent, and that the lawsuit was never filed.'' (*Baker* v. *Littman*, 138 Cal.App.2d 510, 516 [292 P.2d 595].) He also alleges he made ''timely investigation and discovery of the fraud,'' and that he immediately thereafter retained competent counsel to protect his interests and those of his brothers and sisters.

The holding on the former appeal was that no facts were alleged showing how Littman's reliance on the false representation caused him the damage, and the judgments as to Counts II and IV were reversed to give him an opportunity to amend in that respect. There is nothing in the present pleading showing the relation between the fraud and the damage alleged. It is not made to appear that the fraud and the damage sustain to each other the relation of cause and effect. ▮ The present cross-complaint contains the same allegations with respect to damage as were found faulty on the former appeal—that as a result of Baker's conduct Littman was compelled to pay money in protecting his interest in the trust estate, and that Baker's conduct caused a diminution of the value of Littman's share therein. The pleading fails to show how Baker's conduct compelled Littman to spend money in protecting his interest in the trust estate or caused a diminution of the value of his share therein. Due to the

absence of any averment showing the relation between the fraud and the damage, no count of the second amended cross-complaint states facts sufficient to constitute a cause of action. (*Maynes* v. *Angeles Mesa Land Co.,* 10 Cal.2d 587, 589-590 [76 P.2d 109].)

Littman says the demurrer should not have been sustained without leave to amend, that he should have been given an opportunity to amend again. Mr. Justice Fox in his opinion on the former appeal specifically told Littman what he had to do to state a cause of action. After the reversal, Littman filed a first amended cross-complaint which was insufficient. A demurrer was sustained to it and again he was given an opportunity to correct the deficiencies. He then filed the second amended cross-complaint and still failed to take advantage of what he had been told in the opinion on the former appeal. Apparently he could not. The court did not abuse its discretion in sustaining the demurrer to the second amended cross-complaint without leave to amend.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied January 3, 1958, and appellant's petition for a hearing by the Supreme Court was denied February 5, 1958.