[Civ. No. 9570.   Third Dist.   Mar. 5, 1959.]

REVEREND MOTHER PAULINE et al., Appellants, v. JUSTICE A. F. BRAY, Respondent.

John P. Doran for Appellants.

Stanley Mosk, Attorney General, and Richard H. Perry, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—This is an appeal by plaintiffs from an order after judgment denying their motion under section 473 of the Code of Civil Procedure to vacate the judgment. The judgment dismissed plaintiffs' action following an order sustaining defendant's demurrer without leave to amend.

Plaintiffs' complaint alleged in substance as follows: That defendant is a Justice of the First District Court of Appeal, Division One; that in violation of law he arbitrarily dismissed plaintiffs' appeal from a judgment in a probate proceeding; that the dismissal was ordered by him without legal right or claim of right and wilfully and unlawfully and without color of law for the purpose of engaging in reprisals against plaintiffs' attorney because he, plaintiffs' attorney, had filed with the court of which defendant is a member, a claim that in entering a certain decree of that court defendant joined in an act of "judicial banditry" and gave away an estate through confirming a judgment to strangers to the probate record; that in doing said acts defendant was motivated by rancor toward plaintiffs and by malice and spleen; that his acts were designed solely to hurt and were not and could not be justified in law, but were done solely for the purpose of oppressing and threatening plaintiffs' said attorney. To this complaint defendant filed a general demurrer. ■ It is apparent that the complaint stated no cause of action by reason of the immunity which protects public officers acting within the scope of their duties against charges such as are here made. ■ It is settled law that the defense of sovereign

immunity from suit presents a jurisdictional question. (*People v. Superior Court*, 29 Cal.2d 754, 756-757 [178 P.2d 1, 40 A.L.R.2d 919].) This immunity protects public officers and employees acting within the scope of their duties even against charges of malicious personal torts such as are charged here. (*White v. Towers*, 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R.2d 636]; *Hardy v. Vial*, 48 Cal.2d 577 [311 P.2d 494].) ▮ It is clear from the pleading that what was alleged to have been done by the defendant could only have been done by him within the scope of his duties as a member of the court. Allegations that defendant acted maliciously, in violation of law and arbitrarily, that he was motivated by rancor, malice, and spleen, and acted with the intention to harm, to oppress and threaten, do not destroy the immunity. ▮ As said in *Hardy v. Vial, supra*, page 583: "... Plaintiff contends, however, that the school defendants are not entitled to the protection of the immunity rule because they assertedly acted beyond the scope of their employment when they conspired with the nonschool defendants and aided them in making and filing affidavits containing false charges. It should be noted in this connection that 'What is meant by saying that the officer must be acting within his power [to be entitled to immunity] cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him.'" ▮ Since it appears from the face of the pleading that defendant was acting in a judicial capacity, that is, as a member of an appellate court and that the action taken was by the court, the plaintiffs' unrestrained allegations of misconduct add nothing to the pleading. (*Cross v. Tustin*, 165 Cal.App.2d 146 [331 P.2d 785].) [5] The trial court therefore properly sustained the general demurrer and, since it is obvious that in doing the things Justice Bray was alleged to have done he must necessarily have been acting as a Justice of his court, it was proper for the trial court to sustain the demurrer without leave to amend. For the same reason the trial court could not and did not abuse its discretion in denying plaintiffs' motion alleged to have been prosecuted under section 473 of the Code of Civil Procedure. It would have been a futile act for the court to have granted plaintiffs' motion to vacate and annul the judgment of dismissal and the precedent order sustaining defendant's demurrer without leave to amend. That would merely have reinstated the com-

plaint which, as we have said, did not state a cause of action and could not have been amended to state one.

For the reasons given, the order appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.