[Civ. No. 24706. Second Dist., Div. Two. Oct. 20, 1960.]

LEONA LEGG, Appellant, v. JOHN FORD et al., Respondents.

*Assigned by Chairman of Judicial Council.

Leona Legg, in pro. per., for Appellant.

J. Edward Haley, in pro, per., Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Edward A. Nugent, Deputy County Counsel, for Respondents.

ASHBURN, J.—On October 13, 1959, plaintiff filed her third amended complaint for "Fraud, Conspiracy, Perjury, Violations of Statutes, Injury and Damages." Named as defendants are John Ford, Harold J. Ostly, Laura Breska, Harold W. Kennedy, County of Los Angeles Department of Charities, County of Los Angeles, a corporation (hereinafter sometimes collectively referred to as the "county defendants"), Mutual Benefit Health and Accident Association (hereinafter referred to as "Mutual"), and J. Edward Haley (hereinafter referred to as "Haley").

A general and special demurrer was filed by the county defendants and by defendants Mutual and Haley, each of which was sustained without leave to amend. Judgment was entered in favor of defendants Mutual and Haley on Decem-

ber 4, 1959, and on December 15, 1959, in favor of the county defendants. Plaintiff appeals from these two judgments and from an order denying her motion to open the judgment of December 4, 1959, and to permit the filing of a fourth amended complaint, or to vacate and set aside said judgment.

The complaint is in six causes of action, but as the second, third and fifth are for punitive damages based on facts alleged in the other causes, we will direct our attention to the first, fourth and sixth causes of action. Counsel for Mutual aptly comment that "[a] reading of the several complaints only leads one into a fog of uncertainty, bewilderment and a jungle of semantics."[1] In order to accurately portray the true nature of the complaint, it will be necessary to quote substantial portions thereof.

The basic allegation of each cause of action is to the effect that the defendants conspired to defraud plaintiff in her capacity of judgment creditor of the benefits due her under an insurance policy of Mutual.[2] In each cause she then proceeds to assert what purports to be acts done by the individual defendants pursuant to said conspiracy.

In the first cause of action it is alleged that defendant Haley conspired with the other defendants to deprive her of said rights by "fraudulently protecting the defendant's rights on appeal and trial proceedings in Action 653840. . . ." (This paragraph is also incorporated in all other causes.) It is then alleged in the first cause that "through and by the concerted acts and monetary motives" of all defendants to aid and abet defendants Mutual and Haley, the defendants "with further judicial collaberation togather and corrupt conduct in office agreed that the defendant John Ford, Judge, and the defendant County of Los Angeles . . ., while reviewing another action (Clk Tr. No 653840) for the Defendant County of Los Angeles Department of Charities, find facts sufficient to miti-

---

[1]Plaintiff at all times in the trial court as well as upon appeal appears in propria persona.

[2]Par. III: "That upon information and belief, the plaintiff alleges that on or about February 28th 1956 she learned for the first time that early in the year of 1954 and subsequent thereto, and further continuing to the date hereof, that said defendants with the knowledge of each and all of them in pursuit of collusion and confederation in conspiracy togather agreed to further defraud your plaintiff in her capacity as judgment creditor for indemnity benefits due her under her life-expectancy accruements of the Defendant Mutual Benefit Health and Accisent Association, and its co-owner the defendant J. Edward Haley wherein the verdict was rendered in favor of your plaintiff and against the defendant Mutual Benefit Health and Accident Association."

gate the age of plaintiff beyound the period of 60-years, and then and there said defendant . . . Judge, did find conflicting facts to be that your plaintiff was born in the year of 1887 or as a probable *factition* thereof your plaintiff was born again in the year of 1888 at a time when no such evidence appeared in any bon*e* fid*a* record upon which said *j*udge . . . could make the above findings.'' The concluding paragraph of this cause reads: ''That upon the rendition of the judgment in favor of your plaintiff and against the defendant Mutual Benefit Health and Accident Association and defendant J. Edward Haley as aforesaid, the defendant[s] each and.all of them through and by the concerted acts aforesaid, fraudulently and intentionally deprived your plaintiff of her subsidy life-subsidy, medical services and attendance judicially rendered her by the defendant County of Los Angeles a Corporation, administrated by the defendant County of Los Angeles Department of Charities, and as a direct result thereof your plaintiff was personally injured and damaged thereby in the sum of $5,571.36.''

In the fourth cause of action, after incorporating the paragraphs hereinabove referred to, it is alleged that the defendants ''in pursuit of collusion and confederation in conspiracy tog*a*ther, through and by judicial abuse of process and corrupt conduct in office, did wil*l*fully, fr*a*dulently and intentionally make use of legal proceedings in another action case No 653840, to fraudulently mitigate your plaintiff's age, and did thereby wrongfully and conflictively establish the date of your plaintiff's birth to be either in the year of 1887 or in the year of 1888, when no such evidence appeared in any bon*e* fid*a* record on which said defendant Judge . . . could make the above findings for all of the defendants aforesaid.'' That the judge made ''such false and conflicting findings'' for the purpose ''of entrap*t*ment of your plaintiff in her reliance thereon, and for a further purpose of judicial seducement of an innocent person—your plaintiff into a Criminal Career in fraudulently applying for and accepting monetary benefits under the Old Age and Security Act on becoming 62-years of age on November 24, 1956.'' Further assertions indicate the theory of this cause of action to be that the judge, in collaboration with the other defendants, fraudulently made a finding in Case No. 653840 to the effect that plaintiff was born either in 1887 or 1888 (and thus over 65 years of age) for the purpose of forcing plaintiff to commit perjury by misstating her age in applying for Social Security ''at a time when each and all

of said defendants had knowledge of the true facts of her birth in the year of 1894, of which your plaintiff had previously sworn to be true,'' and to ''coerce your plaintiff into accepting the said proffered Old Age and Security Benefits by perjury commitments aforesaid, instead of the maintainance subsidy, medical services and attendance rendered her by the defendant County of Los Angeles a Corporation, through and by the defendant County of Los Angeles Department of Charities and thereby, put your plaintiff into a position of death by starvation, disregarding any physical suffering and emotional distress which may well result form said deprivation.'' All of which, it is asserted, caused plaintiff physical and mental damages in the amount of $50,000.

The sixth cause of action alleges that the defendants conspired to defraud her, in her capacity of judgment creditor, of indemnity benefits due her under the Mutual policy. The further allegations of this cause of action are to the effect that defendants conspired to and did suppress the existence of a court reporter and withheld from her a reporter's transcript in Case No. 653840, with assertions directed to acts of the individual defendants in this connection, performed in collaboration with the other defendants, as follows: That defendant Haley ''ordered and collaberated and conspired with all other defendants herein to act in their particular capacities'' by ''fraudulently protecting the defendant's rights on appeal herein resulting from trial proceedings fraudulently conducted by the Defendant Judge . . . in another action Case No 653840. . . .'' That the judge, ''acting for all other defendants herein in violation of statutes, did withhold from his 'Minute Entry' under his admission and control the insertion of the name or any recognition of his Court Reporter the defendant Laura Breska,'' and thereby concealed the existence of said reporter ''or her reporter's transcript transcribed under the command of said defendant [judge] to enable him to adequately make truthful findings,'' and that he unlawfully omitted said reporter's transcript from the files at the time he made his findings and when the matter was transferred to the District Court on appeal. That Laura Breska, in conspiracy with the others, refused to identify herself as a reporter, and suppressed all evidence ''of the existance of a reporter's transcript transcribed by her while reporting in another action Case No 653840, and likewise withhold Notice of the estimate of the cost of preparing said reporter's transcript . . . and continues to refuse to produce

her transcriptions. . . ." That Harold W. Kennedy, acting as County Counsel, "falsely and fraudulently did state under oath and with the knowledge of its falsety deliberately *lead* others to believe that (Quote) 'Actully, a reporter's transcript is not involved, the case was heared in Department 34, no reporter being present' (unquote), at a time wherein it was necessary that said reporter's transcript be before the Reviewing Court to enable your plaintiff to adequately present and prosecute her appeal in said action." That Harold J. Ostly, as County Clerk and Clerk of the Superior Court, "did withhold Notice of Fees for preparing, certifying and transcribing the reporter's transcript of the proceedings of the action aforesaid, and did refuse to give plaintiff access to said transcribed records of court reporter the Defendant Laura Breska . . . at a time within the knowledge of all said defendants of facts of the filing of the Reporter's Cost Bill in said action 653840 noticed in the Registery of Actions under the definition and control of defendant Harold J. Ostly." Further, that Ostly refused her tender of "United States Currency" based on the above quoted statement of Kennedy, "further stating that should there have been a reporter said transcript would have been denied your plaintiff based on the grounds that said appeal was being prosecuted *in forma pauperis* under the order of the presiding judge of said court, and since said Clerk's Transcript had been prepared *in forma pauperis* a like waiver of fees for preparing Reporter's Transcript would necessarely follow that trend under the Original Order of the Court waiving prepayment of all Fees." All to her damage in the sum of $50,000.

We note that all of the acts alleged to have been performed by the various defendants pursuant to the alleged conspiracy to defraud plaintiff, as a judgment creditor, of the benefits of an insurance policy of Mutual, were performed in "another action"—Case No. 653840. It is alleged in Paragraph II of the first cause of action, and incorporated in the other causes: "That said plaintiff incorporates herein by this reference as though pleaded in *haec verba* herein, certain pleadings transcribed in the Clerk's Transcript, Civil No. 653840, and said pleadings therein will hereinafter be referred to in this complaint by reference to said clerk's transcript and to its approperate page number and paragraph." No part of the record in Case No. 653840 is attached to the complaint and there is no indication that it was otherwise made available. ▌ "Records and papers cannot be made a part of a plead-

ing by merely referring to them, and praying that they may be taken as a part of such pleading, without annexing the originals or copies as exhibits or incorporating them with it so as to form a part of the record in the case." (*People* v. *De La Guerra*, 24 Cal. 73, 78; 39 Cal.Jur.2d § 56, pp. 85, 86.) The complaint is also uncertain as to the case in which she became a "judgment creditor" of Mutual and Haley, or what the terms, nature or status of that judgment may be.[3]

The complaint is replete with additional conclusions of law, argument and inference, extraneous matter, words and phrases with no reasonable connotation.

■ "The long-established rule that a conspiracy, in and of itself, however atrocious, does not give rise to a cause of action unless a civil wrong has been committed resulting in damage (*Herron* v. *Hughes*, 25 Cal. 555) requires a determination of whether the pleaded facts show something was done which, without the conspiracy, would give rise to a right of action [citations]. ■ The only purpose of the pleader in employing a conspiracy is to link together and make equally liable with him who carries out the scheme one who has agreed to a common design to commit a wrong. [Citation.] To be actionable therefore, the alleged combination must result in the commission of a civil wrong, either by the perpetration of an unlawful act or some injurious act by unlawful means,

---

[3]Plaintiff has not alleged that the judgment was obtained in a designated action, or the court in which it was rendered; it is not alleged who was the plaintiff in the action or who the defendants were, as to when the judgment was rendered, whether it is final, or what "benefits" the judgment conferred on her.

Parenthetically, by taking judicial notice of the appellate decisions involving litigation between this plaintiff and Mutual (and noting appellant's reference in her brief to "the verdict . . . rendered in favor of plaintiff against defendant Mutual Benefit Health & Accident Association, see *Legg* v. *Mutual Benefit Health & Accident of Omaha*, 136 Cal. App.2d P. 887" [289 P.2d 550, 290 P.2d 87]), we surmise that plaintiff has reference to the judgment rendered in her favor for $100 by the trial court in the action entitled "Leona Ethel Legg, Plaintiff, vs. Mutual Benefit Health and Accident of Omaha (an Association), Defendant" in which action plaintiff's motion for a new trial, after said judgment, was granted. (See *Legg* v. *Mutual Benefit Health & Accident of Omaha*, 136 Cal.App.2d 887 [289 P.2d 550, 290 P.2d 87].) We further take judicial notice (see *Pike* v. *Archibald*, 118 Cal.App.2d 114, 116-117 [257 P.2d 480]) of the fact that a new trial resulted in a judgment for said defendant, and plaintiff's appeal therefrom was dismissed; that, in said action, instituted by plaintiff to recover monthly disability benefits under a health and accident policy issued by Mutual Benefit Health & Accident Association, it was finally determined that said policy was not in force on February 6, 1947, the date of plaintiff's alleged injury, but that it had lapsed on December 1, 1946. (See also *Legg* v. *Mutual Benefit Health & Accident Assn.*, 184 Cal.App.2d 482, 488-489 [7 Cal.Rptr. 595].)

542

resulting in damage. [Citations.]'' (*Agnew* v. *Parks,* 172 Cal.App.2d 756, 762 [343 P.2d 118].)

■ ''Furthermore, it is held generally that a complaint which contains nothing more than bare allegations that the defendants entered into a conspiracy to defraud plaintiff and committed certain acts in furtherance thereof does not state a cause of action unless those acts are connected with a showing of facts which, if true, would support the charge that they were wrongful [citation], inferences, generalities, presumptions and conclusions being insufficient [citation].'' (*Kinney* v. *Postal Telegraph-Cable Co.,* 123 Cal.App. 70, 75 [10 P.2d 1043].)

■ ■ '' 'Fraud without damage furnishes no ground for action; nor is fraud without damage a defense.' [Citation.] ■ It must be shown in the pleading that the damage claimed was sustained by reason of the fraud and should show the relation between the fraud and the damage alleged; that is, it must appear that the fraud and the damage sustain to each other the relation of cause and effect.'' (*Woodson* v. *Winchester,* 16 Cal.App. 472, 476-477 [117 P. 565].)

■■ The demurrers herein were general and special. Without discussing the sufficiency of the allegations as to the formation and operation of the conspiracy, as to fraud in general, or the statute of limitations, suffice it to say that there are no factual averments in the present complaint showing the relation between the asserted conspiracy to defraud and the damages alleged, i.e., how or in what manner the alleged acts of defendants in Case No. 653840 affected plaintiff's rights as a judgment creditor of Mutual and Haley, *if* such rights do exist. For this reason alone none of the counts of the complaint states facts sufficient to constitute a cause of action. (*County of San Diego* v. *Utt,* 173 Cal. 554, 561 [160 P. 657]; *Swasey* v. *de L'Etanche,* 17 Cal.App.2d 713, 719 [62 P.2d 753]; *Baker* v. *Littman,* 138 Cal.App.2d 510, 516-517 [292 P.2d 595]; *Baker* v. *Littman,* 155 Cal.App.2d 829, 832-833 [318 P.2d 514]; *Hill* v. *Wrather,* 158 Cal.App.2d 818, 825 [323 P.2d 567]; *Maynes* v. *Angeles Mesa Land Co.,* 10 Cal.2d 587, 590 [76 P.2d 109].)

■ If perchance plaintiff is attempting to allege in her fourth cause of action that, pursuant to a conspiracy of all defendants, the defendant judge made a finding in Case No. 653840 to the effect that plaintiff was born either in 1887 or 1888 for the purpose of causing plaintiff to commit perjury ''in applying for and accepting monetary benefits under

Old Age and Security Act'' at the age of 62, such a theory attempts a charge of conspiracy to commit a crime, viz., subornation of perjury. (Pen. Code, §§ 182, 127.) Subornation of perjury, being a crime and not a tort, is subject to criminal prosecution brought in the interest of the state and not to redress a private wrong. (See *People* v. *Main,* 75 Cal.App. 471, 484 [242 P. 1078]; *Oppenheimer* v. *Clifton's Brookdale, Inc.,* 98 Cal.App.2d 403, 404-405 [220 P.2d 422]; *Agnew* v. *Parks, supra,* 172 Cal.App.2d 756, 765-766; 14 Cal.Jur.2d § 15, p. 195.)

 A further point of law has been raised. By their demurrer, the county defendants have interposed the legal defense of sovereign immunity. The general rule is that, in the absence of a statutory or constitutional provision to the contrary, the state, its agencies and subdivisions, are immune from liability for tort in the discharge of governmental duties and activities. (*Vater* v. *County of Glenn,* 49 Cal.2d 815, 818 [323 P.2d 85]; *Talley* v. *Northern San Diego Hospital Dist.,* 41 Cal.2d 33, 37 [257 P.2d 22]; *Bright* v. *East Side Mosquito etc. Dist.,* 168 Cal.App.2d 7, 11-12 [335 P.2d 527]; *Gayer* v. *Whelan,* 60 Cal.App.2d 616, 619 [141 P.2d 514]; 13 Cal.Jur.2d § 65, p. 414.) The complaint refers to the county and its agency, the Department of Charities, only in a governmental capacity. There is no statute waiving immunity for the alleged tort. Therefore they are immune from civil liability and no cause of action can be stated.

Likewise, in the circumstances stated, the county is not liable to individuals for the alleged misconduct or tortious acts of its officers, agents or employees. (See *Bourn* v. *Hart,* 93 Cal. 321, 327 [28 P. 951, 27 Am.St.Rep. 20, 15 L.R.A. 431]; *Lertora* v. *Riley,* 6 Cal.2d 171, 177 [57 P.2d 140]; *Santa Cruz R. R. Co.* v. *Santa Clara County,* 62 Cal. 180, 181; 13 Cal. Jur.2d § 66, p. 414.)

The remaining county defendants are ''public officers and employees acting within the scope of their duties'' (see *Cross* v. *Tustin,* 165 Cal.App.2d 146, 149 [331 P.2d 785]). The facts pleaded clearly show that they are sued in their official capacities and the acts alleged could only have been done within the scope of their employment or official duties. ''It should be noted in this connection that 'What is meant by saying that the officer must be acting within his power [to be entitled to immunity] cannot be more than that the occasion must be such as would have justified the act, if he

had been using his power for any of the purposes on whose account it was vested in him.' (*Gregoire* v. *Biddle*, 177 F.2d at p. 581.)'' (*Hardy* v. *Vial*, 48 Cal.2d 577, 583 [311 P.2d 494].) ■ '' 'Duties of public office include those lying squarely within its scope, those essential to accomplishment of the main purposes for which the office was created, and those which, although only incidental and collateral, serve to promote the accomplishment of the principal purposes.' (*Nesbitt Fruit Products* v. *Wallace*, 17 F.Supp. 141, 143.)'' (*White* v. *Towers*, 37 Cal.2d 727, 733 [235 P.2d 209, 28 A.L.R. 2d 636].) Such public officers and employees cannot be required to defend against the charges made in this civil action. (See *Perry* v. *Meikle*, 102 Cal.App.2d 602, 605-606 [228 P.2d 17]; *Martelli* v. *Pollock*, 162 Cal.App.2d 655, 658-659 [328 P.2d 795]; *Cross* v. *Tustin, supra*, 165 Cal.App.2d 146, 149-151; *Reverend Mother Pauline* v. *Bray*, 168 Cal.App.2d 384, 385-386 [335 P.2d 1018]; *White* v. *Towers, supra*, 37 Cal.2d 727, 729-732; *Wilson* v. *Sharp*, 42 Cal.2d 675, 679 [268 P.2d 1062]; *Hardy* v. *Vial, supra*, 48 Cal.2d 577, 582-583.) Since appellant's real grievance, if any, appears to stem from her dissatisfaction with the decision of the trial court in Case No. 653840, we invite particular attention to the opinion in *Bradley* v. *Fisher*, 13 Wall. (U.S.) 335, 347 [20 L. Ed. 646, 649].

We conclude that as to the County of Los Angeles, its agency, officials and employees, no cause of action has been or can be stated. The demurrer was properly sustained as to the remaining defendants for the reason hereinbefore stated.

The record indicates that plaintiff has made no real effort to amend her complaint; the record is devoid of the proposed fourth amended complaint and appellant's brief offers nothing constructive. ''Since it is presumed she has stated her cause as favorably as the facts permitted [citations], and plaintiff, having had ample opportunity to amend and made five unsuccessful attempts to state a good cause of action, the trial court was justified in concluding she could not bring her action within the law. [Citations.]'' (*Agnew* v. *Parks, supra*, 172 Cal.App.2d 756, 766.)

For all of the reasons above stated, plaintiff's motion to open or vacate judgment, which *seems* to have been taken under Code of Civil Procedure, § 473, was properly denied. As stated in *Reverend Mother Pauline* v. *Bray, supra*, 168 Cal. App.2d 384, 386: ''It would have been a futile act for the court to have granted plaintiffs' motion to vacate and annul

the judgment of dismissal and the precedent order sustaining defendant's demurrer without leave to amend. That would merely have reinstated the complaint which, as we have said, did not state a cause of action and could not have been amended to state one.''

The judgment entered December 4, 1959, and the judgment entered December 15, 1959, are, and each is, hereby affirmed. The order denying plaintiff's motion to open or vacate judgment is affirmed. The attempted appeals from the other nonappealable matters are dismissed.

Fox, P. J., and Nourse, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.