[Civ. No. 6428.   Fourth Dist.   June 30, 1961.]

RAYMOND C. KOCH et al., Respondents, v. HARRY L. WILLIAMS et al., Appellants.

Higgs, Fletcher & Mack for Appellants.

Dorman & Dorman and Wallace D. Dorman for Respondents.

GRIFFIN, P. J.—In this action, Raymond C. Koch and his wife and Donald John Sullivan and his wife, as purchasers of homes in Williams Manor Unit Number 4, sought judgment against defendants and appellants Harry L. Williams and his wife, as subdividers and sellers of the property, for claimed damage suffered by reason of an easement for drainage purposes granted fraudulently, wrongfully and by misrepresentation over and across the southerly 10 feet of their property to the city of National City during the period of escrow and without plaintiffs' knowledge.

It is alleged that by reason thereof, plaintiffs' property was damaged and as a result thereof the discharge of drain and storm waters ran across their property. The city of National City was made a party defendant but was granted a judgment of nonsuit from which no appeal was taken.

After trial, the court found generally in favor of the plaintiffs, but also found that the representations made by defendants in respect thereto were not actually false at the time they were made, but the suppression of defendants' knowledge of an easement granted during the pendency of the escrow, which easement materially affected the property, constituted actual fraud when defendants failed to disclose such knowledge to the plaintiffs. Damages for fraud in the sum of $1,000 were awarded to Koch and his wife and damages for $1,000 were awarded to Sullivan and his wife.

A chronological résumé of the transactions concerning the sale of the property follows:

1. On June 26, 1957, the Kochs made an offer to purchase.

2. On June 27, 1957, a similar offer was made by the Sullivans.

3. On October 16, 1957, execution of grant deeds was had to both parties by defendants without any indication therein that the property was subject to any such easement.

4. On October 16, 1957, escrow instructions were signed, without any indication of any such easement.

5. On November 17 or 18, 1957, plaintiffs took possession of their homes but they rented the premises at a fixed rental until the close of the escrow.

6. On December 13, 1957, defendants granted a drainage easement to the city of National City outside of escrow and without knowledge of plaintiffs.

7. On December 31, 1957, escrow was closed.

8. In January 1958, plaintiffs first became aware of the grant of easement when the title policy was forwarded to them by the title company. A drainage ditch 5 to 6 feet wide and 3 to 4 feet deep was provided across plaintiffs' property to carry off the drainage from portions of the subdivision.

9. About December 1958, runoff from heavy rains caused the flow across the portion of plaintiffs' lots which were subject to drainage easement to overflow onto the remainder of plaintiffs' property, causing it to erode and causing considerable damage including $50 to $75 worth of destruction of plantings. At the time of trial, there was a ditch about 13 feet wide, containing debris, running across the back portion of plaintiffs' lots.

On this appeal, defendants contend: (1) that there was no evidence that the failure of defendants to inform plaintiffs of the subsequent easement granted caused plaintiffs to change

their positions and no damage to plaintiffs was proximately caused by defendants; (2) that plaintiffs have mistaken their remedy; and (3) that the court applied an incorrect measure of damages.

Plaintiffs have not favored us with a brief in support of the judgment. Under point one, it is claimed by defendants that since the court found that the fraud perpetrated upon plaintiffs was the suppression of a known fact, there is no evidence that plaintiffs would have acted any differently than they did in fact act or that they would have refused to consummate the purchase had they known of these facts. (Citing *Unger* v. *Campau,* 142 Cal.App.2d 722, 724 [298 P.2d 891].) Secondly, it is argued that the easement was unenforceable against the plaintiffs by the city of National City because the title of plaintiffs related back to the time the deeds were signed and deposited by defendants in escrow and accordingly the subsequent grant of easement was unenforceable and no damage resulted. (Citing *Marr* v. *Rhodes,* 131 Cal. 267, 270 [63 P. 364] ; *Cannon* v. *Handley,* 72 Cal. 133, 140 [13 P. 315] ; *Woodson* v. *Winchester,* 16 Cal.App. 472, 476 [117 P. 565].)

### EVIDENCE

Both plaintiffs Mr. Sullivan and Mr. Koch testified generally in accord that they viewed the subdivision property with the intention of purchasing a level lot without a drainage ditch across it. They contacted defendants' agent and so informed him. They were shown the subdivision plat. It had a drainage ditch indicated on a portion of the plat but none was shown across the lots they selected. The agent assured them that the lots selected would be level when sold and that there was to be no drainage ditch or easement across the property for this purpose. A four-foot utility easement was indicated which was satisfactory to them. The escrow instructions and agreement to purchase the lots and houses thereon did not reflect the fact that any drainage ditch easement was intended.

It appears that during the escrow period and after defendants signed deeds of conveyance of the property without mentioning that the property was subject to any drainage ditch easement, defendants gave the easement indicated to the city of National City, outside of escrow, and without informing these plaintiffs of that fact. Defendants defended their action in this respect on the disputed theory that the Veterans Administration and Federal Housing Authority

required such a drainage easement before they would approve the loan. This alleged claim was never made known to plaintiffs and they were never given the opportunity to reject the proposal or sale of the property under these conditions.

Fraud assumes so many shapes that courts are cautious in attempting to define it. The term is a generic one, and each case in which it is claimed that fraud is involved must be considered on its own facts. The statutory definitions, though broad, do not embrace every species of fraud. ■ Fraud may consist in the misrepresentation or the concealment of material facts, and may be inferred from the circumstances and condition of the parties. ■ Concealment may constitute actionable fraud where seller knows of facts which materially affect the desirability of property and which he knows are unknown to the buyer. (*Belden* v. *Henriques,* 8 Cal. 87; *Kallgren* v. *Steele,* 131 Cal.App.2d 43 [279 P.2d 1027].) ■ One who learns that his statements, even if thought to be true when made, have become false through a change in circumstances, has the duty before his statements are acted on to disclose the new conditions to the party relying on his original representations. (*Stevens* v. *Marco,* 147 Cal.App.2d 357 [305 P.2d 669].) See also *Kretzschmar* v. *Janss Investment Co.,* 126 Cal.App. 698 [14 P.2d 1069] (failure to disclose easement of drainage pipes and conduits; also, suppression of such knowledge by sellers held to be fraudulent); *Clauser* v. *Taylor,* 44 Cal.App.2d 453 [112 P.2d 661] (nondisclosure of filled-in land); Civil Code, section 1572, subdivisions 2 and 3; *McNeill* v. *Bredberg,* 192 Cal.App.2d 458 [13 Cal.Rptr. 580] (misrepresentation that property had a proper drainage system and no slide or subsistence of slope of property).

■ We conclude that the evidence sufficiently supports the finding that the "suppression by defendants of knowledge of an easement acquired during the pendency of the escrow which materially effected the property constituted actual fraud when they failed to disclose such knowledge to the plaintiffs and each of them."

### REMEDY

■ The argument appears to be untenable that plaintiffs mistook their remedy by seeking damages for fraud instead of bringing a quiet title action against the defendants and the city of National City to remove the claimed cloud because the easement granted was unenforceable, it having been

given after the grant deeds were executed but before the close of the escrow and that plaintiffs accordingly suffered no loss by reason of the cloud. (Citing *Vaughan* v. *Roberts,* 45 Cal.App.2d 246 [113 P.2d 884] and *Fraser* v. *Bentel,* 161 Cal. 390 [119 P. 509, Ann.Cas. 1913B 1062].)

In the instant case, the sale was made upon the representation that no easement existed for this purpose. Had plaintiffs known of defendants' act in the placing of record an easement across the properties in dispute, they might have elected to rescind the escrow and purchase agreement which clearly indicated the property was not subject to such an easement. Plaintiffs should not be compelled to resort to an action to quiet title and to first determine the validity of the easement subsequently granted before instituting an action for fraud.

Furthermore, it appears that at the time the easement was placed of record the escrow agreement had not been complied with and was still open. In fact, the grantees were never delivered a deed of the property free and clear of such easements as required by the escrow instructions.

In *McDonald* v. *Huff,* 77 Cal. 279 [19 P. 499], the rule is stated to be that under a delivery of a deed in escrow, the title vests upon the delivery of the deed to the grantee after the conditions are fulfilled; but the deed takes effect from the date of the contract authorizing the delivery, as against an intervening grantee who takes with knowledge of the escrow. In this case, there is no evidence that the city of National City took with knowledge of the escrow. See also *Neely* v. *Buster,* 50 Cal.App. 695 [195 P. 736], where it is said that the general rule applies as between the original grantor and grantee and those claiming under them. But when rights of third parties have intervened, without knowledge of the escrow, this general rule is not necessarily applicable.

So far as the record title was concerned, the grant of easement to the city was effective. The grant deeds were recorded after the grant of the easement and the city of National City was not apprised of any claimed defect in their title to the easement.

## MEASURE OF DAMAGES

As to the measure of damages, Civil Code, section 3343 (known as the out-of-pocket loss rule), is applicable. It provides:

"One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the

actual value of that which he received, together with any additional damage arising from the particular transaction.''

The damage is the difference between the consideration paid for the property and the actual value of the property, with additional damages, if any. (*McNeill* v. *Bredberg, supra,* 192 Cal.App.2d 458; *Bagdasarian* v. *Gragnon,* 31 Cal.2d 744 [192 P.2d 935].)

In this respect, Koch testified that he paid $13,450 for his home prior to the grant of the easement and that from information obtained about other property values in that vicinity he estimated his property, by reason of the grant of the drainage easement, had depreciated about $2,000 for resale purposes. Sullivan testified he paid $13,850 for his property and the resale value was now about $3,000 less, due to the drainage easement. There is evidence opposed to this.

We conclude that the evidence was sufficient to show fraud, as found by the trial court, and that plaintiffs each suffered a loss of $1,000 by way of damages for such fraud.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.